**V. Ray WILSON and Norene H. Wilson, Plaintiffs and Appellants,**

v.

**SCHNEITER'S RIVERSIDE GOLF COURSE, Defendant and Respondent.**

**No. 13494.**

Supreme Court of Utah.

June 28, 1974.

———◆———

LaVar Stark, Ogden, for plaintiffs and appellants.

Richard W. Campbell, Ogden, for defendant and respondent.

TUCKETT, Justice:

The plaintiffs initiated these proceedings in the district court seeking a decree quieting their title to certain land in Weber County. The defendant counterclaimed praying that the title to the disputed area be quieted in it. The trial court found the issues in favor of the defendant and ordered the title be quieted in the defendant. The plaintiffs are here seeking a reversal.

On March 19, 1965, the plaintiffs entered into a real estate contract with one Lillie Sherwood whereby they agreed to purchase a tract of unoccupied land. The contract and a warranty deed were deposited with an escrow. On April 9, 1965, the plaintiffs recorded a notice of their purchase in the County Recorder's office.

The defendant had entered into a real estate contract with Lillie Sherwood

whereby they undertook to purchase a tract of land adjacent to that involved in the Wilsons' contract. There was an overlap in the descriptions of the property sold to the Wilsons and the defendant that affected 2.39 acres which is the subject matter of these proceedings. During November 1965 the defendant received information of the plaintiffs' recorded notice of their purchase and thereafter paid off the balance due under its purchase contract and recorded the deed from Lillie Sherwood.

In July 1970 the plaintiffs became aware of the defendant's claim of ownership. The plaintiffs continued to make the payments and in July 1972 they paid the balance due under the contract. Plaintiffs were concerned that should they fail to make the payments their interest in the property would be forfeited under the provisions of the contract. The trial court found that the plaintiffs were not bona fide purchasers for value inasmuch as they had paid the balance due under their purchase contract after they had learned of defendant's claim of ownership of the tract of land in question. It should be noted that the defendant likewise paid off the balance due under its contract after it had notice both actual and constructive of the claimed interest of the plaintiffs. It would thus appear that the claims of the plaintiffs and the defendant are on equal footing.

The provisions of Section 57–3–2, U.C.A. 1953, are governing in this case and are herein set out:

Every conveyance, or instrument in writing affecting real estate, executed, acknowledged or proved, and certified, in the manner prescribed by this title, and every patent to lands within this state duly executed and verified according to law, and every judgment, order or decree of any court of record in this state, or a copy thereof, required by law to be recorded in the office of the county recorder shall, from the time of filing the same with the recorder for record, impart notice to all persons of the contents thereof; and subsequent purchasers, mortgagees and lien holders shall be deemed to purchase and take with notice.

Plaintiffs having recorded their notice of purchase prior to the recording of the defendant's deed, the defendant becomes the subsequent purchaser and is deemed to take with notice of the plaintiffs' interest.[1] The sufficiency of the notice recorded by the plaintiffs was not an issue in the court below and we do not deal with it here.

The decision of the court below is reversed and that court is directed to enter a decree quieting title to the land in question in the plaintiffs. Appellants are entitled to costs.

CALLISTER, C. J., and CROCKETT, J., concur.

HENRIOD, J., concurs in the result.

ELLETT, Justice: (dissenting).

I am unable to concur in the main opinion for the following reasons:

The sequence of events which lead up to this lawsuit is as follows:

Schneiter bought on contract 40 acres of land, including the disputed strip, from Sherwood under date of April 2, 1962. Wilson bought on contract 64.42 acres of land from Sherwood, also including the disputed land, under date of March 19, 1965. Wilson did not record his contract but did record notice of his purchase on April 9, 1965. Schneiter first learned of Wilsons' interest and paid off the balance due on its

---

1. Davis v. Ward, 109 Cal. 186, 41 P. 1010; Beard v. Morgan, 143 Neb. 503, 10 N.W. 2d 253; Daniel v. Kensington Homes, Inc., 232 Md. 1, 192 A.2d 114; 8 Thompson, Real Property, 1963 replacement, Sec. 4321, p. 415.

contract and recorded the deed on November 12, 1965. Wilsons learned of Schneiter's claim in July, 1970, at which time they still owed $24,000 on their contract out of the original purchase price of $29,768.00. They paid the balance due, received their deed; and recorded it July 25, 1972, over six years after the deed to Schneiter had been recorded.

It is to be noted that each party here had only an equity in and to the disputed piece of ground prior to the time he received his deed.

Schneiter's equitable interest dated from April 2, 1962, while that of tthe Wilsons dated from March 19, 1965. The legal title was in Sherwood until November 12, 1965, when Schneiter got possession of its deed.

The law is well settled that where there is a conflict of equitable interests, the oldest equity has priority. The following statements in 55 Am.Jur., Vendor and Purchaser, are to the point:

Sec. 693: The interest of a purchaser of real estate before a conveyance is a mere equitable interest, and is not sufficient to afford the purchaser protection against an earlier equal equity. Moreover, it is held in many cases that whatever a vendee who holds a mere equitable interest does to perfect his title after notice does not entitle him to protection as a bona fide purchaser, that the holder of a junior equitable interest who has knowledge of a superior equitable interest does not, by acquiring the legal title, cut off the outstanding equitable interest, and that although the purchaser may have made his contract to purchase and paid the purchase money before he has notice of the outstanding equity, yet if he receives notice before his own equity is clothed with the legal title, he takes subject to the prior equity. A similar rule has been applied to a prior unrecorded interest to which the purchaser has been held to take subject where he receives notice thereof before his purchase is completed by a conveyance of the legal title . . .

Sec. 682: The interest of a purchaser of real estate before a conveyance is a mere equitable interest, and is not sufficient to afford the purchaser protection against an earlier equal equity . . .

Sec. 678: The general rule that where the equities are otherwise equal, the older in point of time prevails, is applicable to the purchaser of an equitable interest in real estate. The equities being otherwise equal, nothing but the legal title will give priority to the equity junior in point of time. Hence, the protection afforded a bona fide purchaser of real estate extends, as a general rule, only to persons purchasing and acquiring the legal title, and not to the purchaser of an equitable interest. Where the purchase is only of an equitable title, it is ordinarily taken with all its imperfections and outstanding equities, notwithstanding a valuable consideration may have been given, and there may have been no notice of the equity or defense against the title. In such case, the purchaser takes the place of the person from whom he purchases . . .

As to who is a bona fide purchaser entitled to protection against a prior unrecorded conveyance or encumbrance, 66 Am.Jur. 2d, Records and Recording Laws, Sec. 163, states the law in these words:

. . . The words "bona fide purchaser," therefore, when introduced into the recording acts, were intended to be in accordance with the established meaning. To entitle one to the protection provided for bona fide purchasers by the recording acts, it has been held to be essential: (1) that he be the purchaser of the legal as distinguished from an equitable title . . .

If it be assumed that the purchaser of an equitable interest in land is a *purchaser* under the statute, then the Wilsons are not

helped because the statute by its terms imparts notice to *subsequent purchasers,* etc. Schneiter was not a subsequent purchaser, but rather it was a prior purchaser; and when it purchased, there was nothing of record to show any conflicting interest at all.

The statute quoted in the prevailing opinion provides that every instrument in writing, affecting real estate, executed, acknowledged or proved, and certified, in the manner prescribed by this title, imparts notice from the time it is recorded, etc. The instrument recorded by the Wilsons was not an instrument affecting realty as contemplated by the statute. It was merely a notice to whom it may concern that they were purchasing certain land. They did not record their contract, which they should have done if they expected to be protected against *subsequent purchasers,* assuming that equitable interests are within the meaning of the statute.

If a purchaser of land fails to record his deed, he is not given the statutory protection to subsequent innocent purchasers, and the recording of a notice that he has purchased the land does not comply with the statute and, therefore, is of no force and effect so far as those who do not have actual knowledge is concerned.

It may well be that one who reads the notice may be alerted so as to have the equivalent of actual notice, and to this extent the filing of the notice may be of some value to the purchaser. In this case Schneiter never knew of the Wilson notice until November, 1965.

While this latter proposition was not urged in the brief of respondent, it is material to a proper determination of this case, because we are permitted to consider matters which are not urged when it will affirm the ruling of the trial court.[1]

I think the judgment should be affirmed and respondent awarded costs.

---

1. 5 C.J.S. Appeal and Error § 1464(1).