2004 UT App 393

Mahan KHALSA, Plaintiff and Appellant,

v.

Jeffery F. WARD and Jon Q. Ward, Defendants and Appellees.

Jeffery F. Ward and Jon Q. Ward, Counterclaim Plaintiffs,

v.

Mahan Khalsa, Counterclaim Defendant.

No. 20040164–CA.

Court of Appeals of Utah.

Nov. 4, 2004.

J. Bryan Quesenberry and Stephen Quesenberry, Hill Johnson & Schmutz, LC, Provo, for Appellant.

Justin P. Matkin and Ronald G. Russell, Parr Waddoups Brown Gee & Loveless, Salt Lake City, for Appellees.

Before BILLINGS, P.J., ORME and THORNE, JJ.

## OPINION

BILLINGS, Presiding Judge:

¶ 1 Mahan Khalsa appeals from an order granting summary judgment to Jeffery F. Ward and Jon Q. Ward (collectively, the Wards) in a boundary dispute involving real property. We affirm.

## BACKGROUND

¶ 2 Khalsa and the Wards own adjacent parcels of real property in Midway, Utah, both of which were owned by Homer Ellsworth prior to 1978. On July 4, 1978, the Wards entered into a purchase contract with Ellsworth for their parcel (Ward parcel). On September 12, 1980, the purchase contract was recorded; and on April 15, 1987, after completing installment payments, a warranty deed was recorded. In the purchase contract and the warranty deed, the eastern boundary of the Ward parcel is described as running along a ditch—which it is undisputed refers to the Epperson Ditch—but the stated metes and bounds set the eastern boundary just to the west of the ditch.

¶ 3 Khalsa purchased his parcel (Khalsa parcel) and recorded a warranty deed in June of 1999. Khalsa's warranty deed does not mention the Epperson Ditch, and the metes and bounds it specifies match the relevant metes and bounds specified in the Wards' warranty deed.

¶ 4 When a boundary dispute arose, Khalsa sought declaratory relief stating that he was the owner of the strip of land between the Epperson Ditch and the boundary established by the metes and bounds. The Wards counterclaimed seeking to quiet title. Both parties moved for summary judgment. The trial court granted the Wards' motion for summary judgment, ruling that reference to the Epperson Ditch in the Wards' purchase contract and warranty deed governs because the Wards' prior recording and long-term possession put Khalsa on notice that the Epperson Ditch was the boundary. Khalsa appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 5 Khalsa argues that the trial court erred by granting the Wards' motion for summary judgment after concluding that the Epperson Ditch was the boundary between the two parcels. Motions for summary judgment should be granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c). When reviewing a grant of summary judgment, we view all facts and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party and review the trial court's conclusions of law for correctness. *See Lovendahl v. Jordan Sch. Dist.*, 2002 UT 130, ¶ 13, 63 P.3d 705.

## ANALYSIS

¶ 6 Khalsa argues that the plain language of the two warranty deeds indicates that the metes and bounds set the boundary between the two properties. The Wards argue that reference to a landmark—the Epperson Ditch—governs over metes and bounds, and thus the Epperson Ditch sets the boundary

between the two properties. We agree with the Wards.

¶ 7 In the trial court, both parties argued that the deeds are unambiguous. We agree, and thus interpretation of the deeds is a question of law. *See Gillmor v. Cummings,* 904 P.2d 703, 706 (Utah Ct.App.1995) ("If a deed description is unambiguous, its interpretation is a question of law."). When interpreting deeds, "the intention of the parties as drawn from the whole deed must govern," and we look to the language the parties used to discern their intent. *Hartman v. Potter,* 596 P.2d 653, 656 (Utah 1979).

¶ 8 When the Wards obtained their parcel, the eastern boundary was described in two different ways in the deed—with metes and bounds and by reference to a natural landmark, the Epperson Ditch.[1] Because both descriptions are equally legitimate ways in which property can be described in a deed, a legal presumption has developed to resolve conflicts when two such descriptions do not match: "[F]ixed monuments or markers of a permanent nature which can be definitely identified and located take precedence over calls of courses or distances, or plats, or amounts of acreage ... because it is reasonable to assume that the parties are more apt to be familiar with such monuments or markers." *Scott v. Hansen,* 18 Utah 2d 303, 422 P.2d 525, 527–28 (1966) (footnotes omitted). Thus, we must assume that reference to the Epperson Ditch sets the eastern boundary of the Ward parcel unless this assumption is unreasonable. *See Neeley v. Kelsch,* 600 P.2d 979, 982 (Utah 1979) (failing to apply the presumption where a general description of all land north of a county road would encompass two parcels clearly owned by someone else); *Williams v. Oldroyd,* 581 P.2d 561, 563 (Utah 1978) (holding that if using a monument as the boundary "drastically" changes what the parties intended, then the legal presumption does not govern).

¶ 9 There is nothing unreasonable in taking Epperson Ditch to form the eastern boundary of the Ward parcel. On the contrary, it is undisputed that after acquiring their parcel and while Ellsworth still owned what is now the Khalsa parcel, the Wards occupied the land right up to the Epperson Ditch. Therefore, the Epperson Ditch sets the eastern boundary of the Ward parcel.

¶ 10 Also, the deed to the Ward parcel was recorded first, and thus, the Epperson Ditch also constitutes the western boundary to the Khalsa parcel because Khalsa could not have purchased what he had notice the Wards already owned. *See Wilson v. Schneiter's Riverside Golf Course,* 523 P.2d 1226, 1227 (Utah 1974) (stating that prior-recorded deed imparts notice of property boundaries to subsequent purchasers of adjacent property). Therefore, the trial court correctly concluded that the Epperson Ditch sets the boundary between the two parcels.

## CONCLUSION

¶ 11 Because applying the legal presumption that references to monuments govern over stated metes and bounds does not ascribe unreasonable intentions to the parties, the Epperson Ditch constitutes the eastern boundary of the Ward parcel. Also, because the deed to the Ward parcel was recorded first, Khalsa was on notice that the Epperson Ditch constituted the boundary between the two parcels. Therefore, we affirm.

¶ 12 WE CONCUR: GREGORY K. ORME, Judge, and WILLIAM A. THORNE JR., Judge.

---

1. The deed reads, in relevant part: "thence South 07 54′ 36″ West along a ditch 680.80 feet (207.51 meters) to the point of beginning."