**In re John Thomas HISEMAN and Grace Ann Hiseman, Debtors.**

**Chase Manhattan Mortgage Corporation, a New Jersey corporation, Plaintiff and Counterclaim Defendant,**

v.

**J. Kevin Bird, Chapter 7 Trustee, Defendant and Counterclaimant.**

**Bankruptcy No. 03–24952.
Adversary No. 04–2515.**

United States Bankruptcy Court,
D. Utah,
Central Division.

March 22, 2005.

---

J. Kevin Bird, Bird & Fugal, Orem, UT, Chapter 7 Trustee.

Adam S. Affleck, Prince, Yeates & Geldzahler, Salt Lake City, UT, for Chapter 7 Trustee.

Robert B. Lochhead, Parr, Waddoups, Brown, Gee & Loveless, Salt Lake City, UT, for Chase Manhattan Mortgage Corporation.

## MEMORANDUM DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

WILLIAM T. THURMAN, Bankruptcy Judge.

A hearing on the Plaintiff's Motion for Summary Judgment and the Defendant's Cross–Motion for Summary Judgment was conducted on February 22, 2005 before the Honorable William T. Thurman in room 376, United States Courthouse, 350 South Main Street, Salt Lake City, Utah. Present at the hearing were Robert Lochhead, counsel for the plaintiff, Chase Manhattan Mortgage Corporation ("Chase"), and Adam Affleck, counsel for the defendant, the Chapter 7 trustee ("Trustee"). At the hearing, representations were made and arguments were had thereupon. Based upon the same, the pleadings, and other court papers on file and good cause appearing, the Court makes this Memorandum Decision, which will constitute its findings of fact and conclusions of law as required by Rule 52 of the Federal Rules of Civil Procedure.[1]

### JURISDICTION

The Court has jurisdiction over the parties and subject matter of this contested matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (O), and the Court has authority to enter a final order. Venue is proper in the Central Division of the District of Utah under 28 U.S.C. § 1409.

### FACTS

The following facts are undisputed. On March 21, 2003, John Thomas Hiseman and Grace Ann Hiseman (the "Debtors") filed a Chapter 7 bankruptcy case. At that time, the Debtors owned real property located at 37510 West Highway 35 in Tabiona, Utah, which they purchased with a $144,000 loan from Chase. Chase made this loan to the Debtors on October 24, 2001 and, to evidence the loan, the Debtors signed a promissory note on that day. To secure the loan, the Debtors executed a trust deed in favor of Chase (the "Trust Deed").

The Trust Deed, however, contained an incorrect description of the property. While the street address and the tax serial number of the property were correctly identified on the Trust Deed, both the Township and the metes and bounds descriptions were incorrect. The Trust Deed stated that the Debtors' property as located in Township 2 and Section 35, when in fact the Debtors' property was located in Township 1 and Section 32. The metes and bounds description in the Trust Deed is defective because it describes a piece of property that does not close.[2] Without knowledge of these legal imperfections, Chase recorded the Trust Deed with the Duschene County, Utah recorder (the "Recorder") on October 31, 2001.

Because of the incorrect legal descriptions, the Trust Deed was indexed to the wrong piece of property in the Recorder's tract index (the "Tract Index"). Because Chase's Trust Deed was indexed to a different piece of property, the Debtors' Property was listed in the Tract Index as being owned by the Debtors free and clear of Chase's Trust Deed. Chase did not discover the erroneous legal description or the lack of indexing in the Tract Index

---

1. Incorporated into the Bankruptcy Code via Bankruptcy Rule 7052.

2. The metes and bounds description reads as follows: "Beginning from the southwest corner of section, thence north 1320 feet; thence east 1735 feet to the true point of beginning thence east 500 feet, more or less to State Road 35 right-of-way, thence northwesterly along said right-of-way."

until after commencement of this bankruptcy proceeding. Despite the error of Chase in placing an incorrect legal description in the Trust Deed, the Grantor/Grantee Index accurately represented that the Debtors had granted a Trust Deed to Chase on their property.

On April 29, 2004, Chase filed a Complaint to Determine Priority of Deed of Trust against the Trustee. On September 1, 2004, Chase filed a Motion for Summary Judgment seeking determination that its Trust Deed creates a perfected security interest in the Debtors' property and that Chase is a secured creditor. The Trustee filed a counterclaim and a cross motion for summary judgment, seeking determination that Chase's Trust Deed is avoidable pursuant to 11 U.S.C. § 544(a)(3) because no fact gave rise to any duty on the part of the Trustee to have conducted a title search to determine whether the Tract Index was correct.

## LEGAL STANDARD

A motion for summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [3] Thus, when the admissions, pleadings, and affidavits reveal that "no issue of fact remains to be determined, the court has the power to decide the questions of law and enter summary judgment thereon." [4] The Court determines that there are no genuine issues regarding material facts and that summary judgment is appropriate in this matter.

## DISCUSSION

### Constructive Notice

Section 544(a)(3) [5] of the Bankruptcy Code gives a trustee in bankruptcy the power to "avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by a bona fide purchaser of real property ... from the debtor." [6] However, "state law governs who may be a bona fide purchaser and the rights of such a purchaser for purposes of subsection 544(a)(3)." [7] Furthermore, the Court of Appeals for the Tenth Circuit has held that "[t]he Trustee's right as a bona fide purchaser does not override state recording statutes and permit avoidance of any interest of which a trustee would have had constructive notice under state law." [8] Therefore, the Trustee can avoid Chase's Trust Deed under § 544(a)(3) only if the Trustee did not have constructive notice of Chase's Trust Deed under Utah law.

There are two types of constructive notice governed by Utah law. [9] The first type of constructive notice, defined in the Utah Recording Statute, [10] provides

---

**3.** Fed. R. Bankr.P. 7056; Fed.R.Civ.P. 56(c).

**4.** *Simms v. Oklahoma ex rel. Dep't of Mental Health and Substance Abuse Services,* 165 F.3d 1321, 1326 (10th Cir.1999).

**5.** 11 U.S.C. § 544(a)(3) (2004).

**6.** Thus, in this case, a bona fide purchaser of the Debtors' property may be able to void Chase's Trust Deed because Chase's error caused the Recorder to fail to index the Trust Deed with the Debtors' property in the Tract Index.

**7.** 5 *Collier on Bankruptcy* ¶ 544.08 at 544–15 (Lawrence P. King ed., 15th rev. ed.2004).

**8.** *Watkins v. Watkins,* 922 F.2d 1513, 1514 (10th Cir.1991).

**9.** *See First American Title Ins. Co. v. J.B. Ranch Inc.,* 966 P.2d 834, 837 (Utah 1998).

**10.** Utah Code Ann. § 57–3–102(1) (2003).

that all documents and instruments filed of record with a county recorder "impart notice to all persons of their contents." [11] In effect, Utah law presumes that because documents properly filed with a county recorder are available for inspection by the general public, every person has the ability to examine these documents and thus has notice of the contents in these documents.

█ The second type of constructive notice, termed "inquiry notice," took shape in Utah case law.[12] Inquiry notice is "presumed because of the fact that a person has knowledge of certain facts which should impart to him, or lead him to, knowledge of the ultimate fact." [13] An individual who knows, or should know, about a fact suggesting a problem with the title to his property cannot avoid the problem by burying his head in the sand. Utah law therefore presumes that the individual has notice of all the facts which would result from a reasonable investigation of the situation. Accordingly, to obtain bona fide purchaser status under Utah law, the Trustee must have lacked constructive notice both 1) based on the Utah Recording Statute, and 2) based on knowledge of certain facts which should have led the Trustee to knowledge of "the ultimate fact," i.e., the existence of Chase's Trust Deed on the Debtors' property.

### A. Lack of Constructive Notice Based on the Utah Recording Statute

██ Because the Tract Index fails to disclose the Trust Deed on the Debtors' property, the Trustee lacked constructive notice of Chase's Trust Deed. The Utah Recording Statute states that "each document executed, acknowledged, and certified, in the manner prescribed by [Title 57] ... shall, from the time of recording, impart notice to all persons of their contents." [14] Utah courts strictly construe the requirements for constructive notice by statute because to do otherwise would bring uncertainty and instability to land titles.[15]

█ In this case, a strict reading of the legal description provided in the Tract Index would have given the Trustee notice only of property owned in fee simple, free and clear of Chase's Trust Deed. There is nothing in the Tract Index that would have alerted the Trustee to the Trust Deed held by Chase. Because documents are indexed by reference to the legal description contained on the document,[16] the lack of disclosure of Chase's Trust Deed in the Tract Index is solely due to the fact that Chase's Trust Deed describes property other than property of the Debtors. Chase argues that the Trustee should have researched the correctly stated tax identification number to see that the property was in fact encumbered. It further asserts that because the property boundaries in the legal description of the Tract Index do not close, the Trustee should have cross-referenced the tax identification number in a new title search. These arguments are unavailing because tax identification numbers are discretionary with each county recorder and may not be considered part of the legal description.[17]

11. *J.B. Ranch*, 966 P.2d at 837.

12. *Id.*

13. *Arnold Industries, Inc. v. Love*, 63 P.3d 721, 730 (Utah 2002) (quoting *J.B. Ranch*, 966 P.2d at 837).

14. UTAH CODE ANN. § 57–3–102(1) (2003).

15. *J.B. Ranch*, 966 P.2d at 839.

16. UTAH CODE ANN. § 17–21–6(1)(f) & (3) (2003).

17. UTAH CODE ANN. § 17–21–20 (2003).

■■■ Chase also argues that because Title 17 of the Utah Code requires the county recorder to maintain a Grantor/Grantee Index, the Trustee should have looked there too. That argument fails, however, because constructive notice is defined by Title 57, not by Title 17,[18] and because recording under Title 57 is different from indexing under Title 17. A persuasive explanation of this kind of distinction was provided by the Utah Supreme Court when it stated:

> The general rule ... is that in the absence of an express declaration in the statute, records and documents filed pursuant to statute do not impart constructive notice. Furthermore, the matter of constructive notice from recorded documents is entirely a creature of statute and not of common law. Such notice must therefore be created by the statute itself or not at all.
> The Utah Recording Statute, Utah Code Ann. § 57-3-2(1), further supports the foregoing rule. Section 57-3-2(1) provides that documents and instruments filed with the county recorder pursuant to this section 'impart notice to all persons of their contents.' Thus, when the legislature intends that a record filed pursuant to statute impart constructive notice, it makes its intent known through clear and unmistakable language.[19]

Chase's argument that the Utah Recording Statute should be construed to require purchasers to investigate all contents in the Tract Index for their accuracy would undermine Utah's policy favoring stability and certainty of land titles. Expanding the doctrine of constructive notice as Chase requests would require prudent purchasers of land to engage in unreasonable extensive searches of recorded documents to ensure they are buying land free of title problems. Because the purpose of indexing is to help purchasers find the recorded documents from which constructive notice flows, recorders would be required to index legal descriptions, addresses, tax identification numbers, and any other descriptive information in a trust deed.

## B. Lack of Inquiry Notice

■■■ The doctrine of inquiry notice requires the court to determine "whether the purchaser[20] is in possession of facts ... which would have reasonably alerted the purchaser to potential claims of any party other than the grantor or record title holder."[21] If the Court answers this question in the affirmative, then "the purchaser is charged with all knowledge that a reasonable due diligence investigation (including a thorough examination of public records) would have revealed."[22] Contrariwise, if the question is answered in the negative, then the purchaser is *not* charged with an investigative duty, and therefore is *not* deemed to have notice of what may have been discoverable.[23]

■■■ There are three sources of facts which must be examined in determining whether a duty to investigate arises: (1) actual knowledge of the purchaser from any source[24]; (2) knowledge imputed from

---

18. Utah Code Ann. § 57-3-102(1) (2003).

19. *J.B. Ranch,* 966 P.2d at 839 (citations omitted).

20. In this case, the Trustee.

21. *Patel v. Rupp,* 195 B.R. 779, 783 (D.Utah 1996).

22. *Id.* at 783-84.

23. *Id.*

24. *See Wilson v. Schneiter's Riverside Golf Course,* 523 P.2d 1226 (Utah 1974).

the contents of any document for which the purchaser has constructive notice [25]; and (3) knowledge which could have be gained from a hypothetical inspection of the property.[26] If any of these sources reveal facts that would cause a reasonably prudent person to suspect an adverse interest, then notice from a hypothetical investigation is charged.

*Actual Knowledge of the Purchaser from Any Source*

▇▇ The Court notes that the Debtor's Schedule A and Schedule D both indicate that the Debtors' property is encumbered with the secured claim of Chase. The Trustee's actual knowledge of Chase's Trust Deed in the schedules, however, is made irrelevant by § 544(a), which expressly provides that a trustee's avoidance powers are "as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor . . . ." [27] As a result this first element is inapplicable to the Trustee.

*Knowledge Imputed from the Contents of Any Document for Which the Purchaser Has Constructive Notice*

As explained above, constructive notice of a recorded document extends only to the legal description in the document.[28] Because the legal description in the Tract Index did not give any indication that the property was encumbered, no knowledge of Chase's Trust Deed could have been imputed from that document.

Chase asserts, and provides an affidavit to support its assertion, that because it is rare to find owners of residential property without a mortgage or Trust Deed on that property, a reasonable person (and thus the Trustee) would suspect an interest adverse to the Debtors' title to the property. The Court disagrees. Although it is not the norm, many people own residential property without a mortgage or Trust Deed, and without more the Tract Index would not suggest that further inquiry is needed.

*Knowledge Which Could Have Be Gained from a Hypothetical Inspection of the Property*

An inspection of the property would not have revealed any information relevant to Chase's interest. A residence owned free and clear appears no different than one that is encumbered by a thousand liens.

### CONCLUSION

Based upon the foregoing, the Court concludes that Chase's Motion for Summary Judgment should be denied and the Trustee's Motion for Summary Judgment should be granted. A separate order will follow.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

**25.** *See Pender v. Dowse,* 1 Utah 2d 283, 265 P.2d 644 (1954).

**26.** *See Meagher v. Dean,* 97 Utah 173, 91 P.2d 454 (1939).

**27.** 11 U.S.C. § 544(a) (2000).

**28.** See Section A of the Discussion.