In re Jorge COLON Jr. and Antoinette Valentina Ortiz–Colon, also known as Toni Ortiz–Colon, Debtors.

Jan Hamilton, Trustee,
Plaintiff–Appellee,

v.

Washington Mutual Bank FA,
Defendant–Appellant,

and

Jorge Colon Jr. and Antoinette Valentina Ortiz–Colon,
Appellees.

BAP No. KS–07–023.
Bankruptcy No. 04–42174–13.
Adversary No. 05–07032.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Sept. 19, 2007.

Thomas M. Franklin, The Franklin Law Firm, Kansas City, MO, for Defendant–Appellant.

Jan Hamilton, pro se, Teresa L. Rhodd, Topeka, KS, for Plaintiff–Appellee.

Before BOHANON, BROWN, and McNIFF, Bankruptcy Judges.

McNIFF, Bankruptcy Judge.

Washington Mutual Bank FA and Mortgage Electronic Systems, Inc. ("MERS") (collectively "Washington Mutual") timely appeal the bankruptcy court's January 26, 2007, final Judgment in favor of the Chapter 13 Trustee, Jan Hamilton ("Trustee"). The Judgment avoided Washington Mutual's mortgage on the debtors' residence and denied Washington Mutual's Motion for Relief from the Automatic Stay. The parties have consented to this Court's jurisdiction because they have not elected to have the appeal heard by the United States District Court for the District of Kansas. 28 U.S.C. § 158(a)(1), (b)(1) and (c)(1); Fed. R. Bankr.P. 8001(e). For the reasons stated, the bankruptcy court's Judgment is affirmed.

## I. Background

The debtors purchased a residence in 1999 and executed a mortgage on "Lot 79, Arrowhead Heights Subdivision No. 5, in the City of Topeka, Shawnee County, Kansas which has the address of 3317 SW Moundview Dr., Topeka, Kansas 66614." *Mortgage* at 1, *in* Appellant's Appendix ("App.") Vol. III at 680. In 2003, the debtors refinanced that loan, the 1999 mortgage was released, and the debtors granted a new mortgage ("Mortgage") to MERS. The Mortgage was assigned to Washington Mutual. The Mortgage correctly identifies the property by address and Parcel ID number, but the legal description incorrectly identifies the property as Lot 29, not Lot 79. MERS recorded the Mortgage. The mortgage was not recorded in the legal description records relating to Lot 79, but rather was indexed in those related to Lot 29.[1]

---

1. Although Washington Mutual contends there is no evidentiary support for the bankruptcy court's findings related to where the

On August 11, 2004, the debtors filed their voluntary Chapter 13 petition. The debtors' proposed Chapter 13 plan ("Plan") contained a notation that the Mortgage was improperly perfected and was avoidable by the Trustee. *Chapter 13 Plan* at 2, *in* App. Vol. III at 652. The Plan proposed that the debtors pay their mortgage payment to the Trustee, pending resolution of the mortgage perfection issue. Without objection by Washington Mutual, the bankruptcy court confirmed the Plan on December 2, 2004. This Court dismissed Washington Mutual's untimely appeal of the confirmation order.

After confirmation, the Trustee commenced an adversary proceeding to avoid the Mortgage. The debtors objected to Washington Mutual's secured proof of claim, contending the claim was unsecured. Washington Mutual filed a motion for relief from the automatic stay. The bankruptcy court combined a trial in the adversary proceeding with the claim objection and stayed a ruling on the stay relief motion. After trial, the bankruptcy court ruled the Mortgage was unperfected; avoided the Mortgage under 11 U.S.C. § 544(a); ruled that Washington Mutual's claim was unsecured; and denied the Motion for Relief from the Automatic Stay. Washington Mutual timely appealed.

## II. Discussion

■ The issue of lien avoidance under § 544 is a mixed question of law and fact that is reviewed *de novo*. *Lindquist v. Household Indus. Fin. Co. (In re Vondall)*, 364 B.R. 668, 670 (8th Cir. BAP 2007). Whether a plan confirmation order is *res judicata* is a question of law, also reviewed *de novo*. *Andersen v. UNIPAC–*

*NEBHELP*, 179 F.3d 1253, 1255 (10th Cir. 1999).

*Lien Avoidance*

■ The bankruptcy court avoided the Mortgage under § 544(a)(1) & (3), which states:

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such creditor exists;

. . .

(3) a bona fide purchaser of real property . . . whether or not such a purchaser exists.

■ These provisions grant the trustee the status of a hypothetical lien creditor or bona fide purchaser ("BFP") with the power to avoid liens that a lien creditor or BFP could avoid subject to the applicable state's constructive notice law. *Watkins v. Watkins*, 922 F.2d 1513, 1514 (10th Cir.1991); *In re Zweygardt*, 149 B.R. 673, 678 (D.Kan.1992). The section permits the trustee to avoid unperfected liens without regard to the knowledge of the debtor or the trustee. *Paramount Int'l, Inc. v. First Midwest Bank, N.A. (In re Para-*

---

Mortgage was indexed, the critical factual issue is whether the Mortgage is recorded in the Register of Deeds' records related to Lot 79, the correct lot number. Washington Mutual does not dispute the finding that it is not.

mount Int'l, Inc.), 154 B.R. 712, 714 (Bankr.N.D.Ill.1993).

■ The issue in this case is whether the Mortgage, recorded under an incorrect lot number, provides constructive notice to a BFP or judgment lien creditor under Kansas law. Kansas law permits a BFP to avoid a conveyance that is not recorded in accordance with Kansas statutes. Under Kan. Stat. Ann. § 58–2222 (2006),

> Every such instrument in writing, certified and recorded in the manner hereinbefore prescribed, shall, from the time of filing the same with the register of deeds for record, impart notice to all persons of the contents thereof: and all subsequent purchasers and mortgagees shall be deemed to purchase with notice.

The purpose of Title 58 is to impart constructive notice of a properly recorded document. *Luthi v. Evans,* 223 Kan. 622, 576 P.2d 1064, 1070 (1978). To impart constructive notice, the recorded instruments of conveyance "should describe the land conveyed with sufficient specificity so that the specific land conveyed can be identified." *Id.* A description is sufficient "if it identifies the property or affords the means of identification within the instrument itself[.]" *Id.*

The Kansas register of deeds is required by statute to maintain a general index of property by description of tract and by grantor and grantee. Kan. Stat. Ann. § 19–1205 (2006). The statute does not require an index by street address. At the trial, the Shawnee County Register of Deeds testified that the documents are recorded by legal description and not by street address. *Tr. of Oral Proceedings* at 13, *ll.* 20–25, *in* App. Vol. III at 523.

The bankruptcy court was correct in its determination that if a purchaser searched the records of the Register of Deeds by legal description (Lot 79), the Mortgage would not be discovered. Therefore, there can be no constructive notice of the conveyance. The avoidance of the Mortgage lien was proper.

Citing no pertinent authority, Washington Mutual argues that for the Trustee to prevail as a BFP, there must be *nothing* in the record that would provide constructive notice of a mortgage or other interest, and nearly anything in the record provides inquiry notice. According to Washington Mutual, a thorough examination of the record by tax parcel ID number in the County Appraiser's office or of the grantor index puts a subsequent purchaser on inquiry notice, requiring an investigation that would discover the Mortgage. Further, Washington Mutual contends a subsequent purchaser has a duty to inquire of a party in possession as to the right to possession, and that such inquiry would give rise to notice of the Mortgage. *Int'l Harvester Co. of America v. Myers,* 86 Kan. 497, 121 P. 500, 504–505 (1912) (open and notorious possession of real estate is constructive notice of the rights of possessor).

If a subsequent purchaser searched the grantor index and/or conducted an investigation into possession of the real property, as required under Washington Mutual's theory of inquiry notice, such an investigation would not uncover evidence of the Mortgage. A search of the grantor index would uncover a mortgage on Lot 29, not a mortgage on Lot 79. An investigation into possession of Lot 79 would find the debtors in possession, but nothing to indicate further investigation is necessary.

The cases cited by Washington Mutual are factually inapposite, and the Court has found no Kansas authority requiring a subsequent purchaser to inquire of one in possession as to encumbrances on the property. Nothing in the record of this case puts a subsequent purchaser on inqui-

ry notice of the Mortgage, and Washington Mutual's argument to the contrary is unavailing.

The bankruptcy court's Judgment avoiding the Mortgage under § 544(a)(3) was proper. Therefore, the Court need not address Washington Mutual's arguments related to the trustee's status as a judgment lien creditor under § 544(a)(1).

*Res Judicata effect of the confirmation order*

■ To the extent the Court understands the argument, Washington Mutual contends: the Plan violates § 1322(b)(2); a confirmed plan that violates § 1322(b)(2) cannot be *res judicata* as to the creditor's right to payments under its mortgage; the confirmed Plan prematurely determined a remedy for lien avoidance prior to the actual avoidance proceedings being commenced; and because the Plan confirmation is not *res judicata* as to Washington Mutual, this case should be reversed for a determination by the bankruptcy court of an appropriate remedy after lien avoidance. The Court disagrees. The argument is an end run around Washington Mutual's failure to object to confirmation of the Plan and its failure to timely appeal the order confirming the Plan.

Washington Mutual cites no authority for its argument that an improper claim modification under § 1322(b) somehow negates the finality of a confirmation order. In fact, the law is to the contrary.

In the case of *In re Talbot,* 124 F.3d 1201, 1209 (10th Cir.1997), the Tenth Circuit quoted *Collier on Bankruptcy* as follows: " 'the order confirming a chapter 13 plan represents a binding determination of the rights and liabilities of the parties as ordained by the plan.' " Absent timely appeal, the confirmed plan is *res judicata* and its terms are not subject to collateral attack, and creditors " 'may not take actions to collect debts that are inconsistent with the method of payment provided for in the plan.' " *Id.* (quoting 8 *Collier on Bankruptcy* ¶ 1327.02[1] (Lawrence P. King ed., 15th ed.1996)).

In the later case of *Andersen v. UNI-PAC–NEBHELP,* the Tenth Circuit Court of Appeals cited the *Talbot* case and ruled that a Chapter 13 plan confirmation order is *res judicata* as to the matters necessarily determined by the confirmation order, including, in that case, discharge of a student loan for undue hardship. 179 F.3d 1253, 1258–1259 (1999). In this case, the confirmed plan is *res judicata* as to its treatment of Washington Mutual's claim and distribution of the mortgage loan payments, whether or not that treatment violates § 1322(b).

■ The bankruptcy court correctly determined that once a lien is avoided, the creditor becomes an unsecured creditor. *See Morris v. Vulcan Chem. Credit Union (In re Rubia),* 257 B.R. 324, 327 (10th Cir. BAP 2001). Washington Mutual, having lost its mortgage, has no right to payments under the Mortgage as a secured creditor, and no mortgage rights under the confirmed Plan to implicate § 1322(b)(2).

### III. Conclusion

The bankruptcy court did not err in avoiding Washington Mutual's unrecorded Mortgage on Lot 79. Nor was it error, based on that avoidance, to deem Washington Mutual's claim unsecured and to deny the Motion for Relief from the Automatic Stay. The Judgment is AFFIRMED.