**In re Michelle Monick BUNN, Debtor.**

**William Todd Drown, Chapter 7 Trustee, Plaintiff,**

v.

**Argent Mortgage Company, LLC, et al., Defendants.**

Bankruptcy No. 05–68835.
Adversary No. 06–2232.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Sept. 29, 2007.

whether a bankruptcy trustee in his/her role as a hypothetical, good-faith purchaser for value may avoid a consensual mortgage between a debtor and the mortgagee because the mortgage lacks a legal description of the real property. Before the Court are the following: (1) the motion for summary judgment ("Motion") (Doc. 17) filed by Defendant Argent Mortgage Company, LLC ("AMC") on the complaint ("Complaint") (Doc. 1) filed against it by Plaintiff William Todd Drown ("Drown" or "Trustee"), and the counterclaim and cross-claim filed by AMC against Drown and the Debtor, Michelle Bunn ("Debtor"); (2) Drown's response and cross-motion for summary judgment ("Cross–Motion") (Doc. 21); and (3) AMC's reply ("Reply") (Doc. 22). The Court heard oral argument on the cross-motions on May 14, 2007.

## II. Jurisdiction

The Court has jurisdiction to hear and determine this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district. This is a core proceeding. 28 U.S.C. § 157(b)(2).

## III. Procedural Background

In the Complaint, Drown requests three types of relief. First, he seeks avoidance of a mortgage granted to AMC from the Debtor and her non-debtor spouse, Charles Bunn. Second, he asks for recovery of three months of pre-petition mortgage payments made from the Debtor to AMC on the basis that the payments constituted preferential transfers. And third, Drown requests authority to sell the Debtor's real property free and clear of all interests.[1] The Complaint names both AMC and the Debtor as defendants.

William Todd Drown, Mount Vernon, OH, pro se.

Amelia A. Bower, Columbus, OH, for Defendant Argent Mortgage Company, LLC.

Michelle Monick Bunn, Powell, OH, pro se.

*MEMORANDUM OPINION ON PLAINTIFF'S CROSS–MOTION FOR SUMMARY JUDGMENT AND MOTION OF DEFENDANT ARGENT MORTGAGE COMPANY, LLC, FOR SUMMARY JUDGMENT*

JOHN E. HOFFMAN, JR., Bankruptcy Judge.

## I. Introduction

The issue presented by the parties' cross-motions for summary judgment is

---

1. Neither the Motion nor the Cross–Motion seek judgment on the Trustee's claims for avoidance of preferential payments or sale of the real estate. Therefore, this decision will not address either of these claims for relief.

AMC filed an answer (Doc. 4), which it amended (Doc. 6) to include a counterclaim against Drown and a cross-claim against the Debtor. The counterclaim and cross-claim assert that it was the intention of AMC, the Debtor and Charles Bunn to include a legal description of the property within the mortgage, and that AMC is therefore entitled to reform the mortgage to include the legal description. Drown filed an answer to the counterclaim, asserting a general denial of these allegations. The Debtor did not respond to either the Complaint or the cross-claim, and AMC moved for the entry of a default judgment against her.[2]

## IV. Undisputed Facts

While the parties have not filed a stipulation of facts, a review of the documents filed in the Debtor's bankruptcy case, as well as the pleadings and exhibits on file in this adversary proceeding, reveals that the parties are in agreement as to the relevant facts. The only disagreement between the parties relates to the legal import of one fact.

The Debtor is the owner in fee simple of real property located at 8707 Shear Drive, Powell, Ohio ("Property"). Her bankruptcy schedules list her ownership interest in the Property in three places: Schedule A—Real Property, Schedule C—Property Claimed as Exempt and Schedule D—Creditors Holding Secured Claims. All three schedules reference AMC Mortgage Services as the holder of the first mortgage on the Property.

A general warranty deed ("Deed") transferring the Property from P & D Builders, Inc. to Charles Bunn and Michelle Bunn was executed on August 18, 1995, and recorded on August 22, 1995 in the Franklin County, Ohio Recorder's Office. A copy of the Deed is attached to the Complaint as Exhibit A. The Deed contains the following legal description of the Property:

> Situated in the State of Ohio, County of Franklin and in the City of Columbus: Being Lot Number Seven Hundred Thirty One (731) in Smoky Ridge Estates ReSubdivision Section 6, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 59, pages 32 and 33, Recorder's Office, Franklin County, Ohio.

On December 15, 2004, Charles Bunn and Michelle Bunn executed a mortgage ("Mortgage"), including "all Riders to this document," in favor of AMC to secure payment of a $90,000 loan. A copy of the Mortgage is attached to the Complaint as Exhibit C, and an Adjustable Rate Rider is included in that Exhibit. The Mortgage was recorded on December 27, 2004. The section of the Mortgage captioned "Transfer of Rights in the Property," states in relevant part:

> Borrower does hereby mortgage, grant and convey to Lender the following de-

---

2. It appears from the record that neither the Complaint nor the cross-claim was properly served. The Debtor is represented by counsel and counsel was not served with a copy of the Complaint and summons, as required by Fed. R. Bankr.P. 7004(b)(9) (amended effective December 1, 2006 and now found in Fed. R. Bankr.P. 7004(g)). Further, Drown has never filed a certificate of service reflecting that the Complaint and summons were served on either AMC or the Debtor. There is also nothing in the record to reflect that Debtor's coun-

sel was served with a copy of AMC's motion for default judgment. The motion for default judgment was not accompanied by an affidavit establishing that the Debtor is not an infant or incompetent person, nor is it in compliance with the Soldiers' and Sailors' Civil Relief Act of 1940, as amended by the Servicemembers Civil Relief Act of 2003. However, for purposes of this controversy, the appearance or non-appearance of the Debtor does not affect the outcome.

scribed property located in the County of Franklin: Legal Description Attached Hereto and Made a Part Hereof:

[Blank area]

Parcel ID Number: 610–190884 which currently has the address of 8707 Shear Drive, Powell, Ohio 43065.

The Mortgage, however, contains no legal description of the Property, nor is a legal description attached. There is no reference in the Mortgage to the Deed, or to any map or other instrument that may contain a legal description. The Adjustable Rate Rider likewise contains no legal description of the Property nor any reference to the Deed or other instrument.

Also on December 15, 2004, Charles Bunn transferred his interest in the Property to the Debtor by quitclaim deed.[3] A copy of the quitclaim deed is attached to the Complaint as Exhibit B. The quitclaim deed also was recorded on December 27, 2004. The quitclaim deed contains the same legal description found in the Deed. A printout from the Franklin County, Ohio Recorder's Office website attached by the Trustee as Exhibit A to his Cross–Motion shows the existence in the records of the Deed, the Mortgage and the quitclaim deed, and the dates and times these instruments were recorded.

The Deed, the Mortgage, and the quitclaim deed all list the parcel number of the Property (610–190884) and its street address (8707 Shear Drive, Powell, Ohio 43065). Only the Mortgage lacks a legal description of the Property.

## V. Arguments of the Parties

The Trustee asserts that because the Mortgage lacks a legal description of the Property, it is invalid and thus improperly recorded. Accordingly, he asserts that because the Mortgage is invalid, it did not provide constructive notice of the lien and is therefore avoidable under the strong-arm powers granted to him by 11 U.S.C. § 544(a)(3). AMC, on the other hand, argues that the Trustee has no basis for avoiding its lien because the Mortgage, which lists both a street address and parcel identification number, contains a sufficient description of the Property to comply with Ohio's recording statute, and thus provides sufficient notice to third parties of the existence of the encumbrance. In addition, AMC asserts that the parties intended the Mortgage to contain the legal description, and that the lack of the legal description is a mutual mistake that can be cured by reformation pursuant to Ohio Revised Code § 2719.01.

## VI. Legal Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c), made applicable in this adversary proceeding by Fed. R. Bankr.P. 7056. On motion for summary judgment, the inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anthony v. BTR Auto. Sealing Systems, Inc.,* 339 F.3d 506, 511 (6th Cir.2003); *McKenzie v. BellSouth Telecomms., Inc.,* 219 F.3d 508, 512 (6th Cir.2000). The moving party

---

**3.** Although Charles Bunn and Michelle Bunn executed the Mortgage as co-borrowers and as husband and wife, the Debtor's Schedule I lists her marital status as "separated," which perhaps explains why Charles Bunn quitclaimed his interest in the Property to the Debtor the same day the Mortgage was executed.

bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Leary v. Daeschner,* 349 F.3d 888, 897 (6th Cir.2003); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). Once the moving party satisfies its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348; *Lanier v. Bryant,* 332 F.3d 999, 1003 (6th Cir.2003); *McKenzie,* 219 F.3d at 512. The non-moving party may not meet this burden by resting on mere allegations in the pleadings. *See* Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *Mounts v. Grand Trunk W.R.R.,* 198 F.3d 578, 580 (6th Cir.2000). "Merely alleging the existence of a factual dispute is insufficient to defeat a summary judgment motion; rather, there must exist in the record a genuine issue of material fact." *McKenzie,* 219 F.3d at 512 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A material fact is one that has the "potential to affect the outcome of the suit under applicable law." *FDIC v. Anchor Props.,* 13 F.3d 27, 30 (1st Cir.1994) (citation omitted). "[A]s to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Niecko v. Emro Mktg. Co.,* 973 F.2d 1296, 1304 (6th Cir.1992) (quoting *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505).

The filing of cross-motions does not alter the standards governing the determination of summary judgment motions. *See Taft Broad. Co. v. United States,* 929 F.2d 240, 248 (6th Cir.1991); *Terlecky v. Beneficial Ohio, Inc. (In re Little Key),* 292 B.R. 879, 881 (Bankr.S.D.Ohio 2003).

**B. Validity of Mortgage—Ohio Statutory Requirements**

█ To be valid in Ohio, a mortgage must be signed by the mortgagor, and the signature must be acknowledged by the mortgagor before a judge or clerk of a court of record, a county auditor, county engineer, notary public or mayor, who certifies the acknowledgment and subscribes the official's name to the certificate of the acknowledgment. Ohio Rev.Code Ann. § 5301.01(A) (LexisNexis 2004 & Supp. 2007). A properly executed mortgage must be recorded in the office of the county recorder of the county in which the mortgaged premises are situated. Ohio Rev.Code Ann. § 5301.23(A) (LexisNexis 2004). A properly executed mortgage takes effect at the time it is delivered to the recorder for record. *Id.* Section 5302.12 of the Ohio Revised Code supplies a form mortgage and provides that a mortgage following the form in substance, when duly executed in accordance with Chapter 5301 of the Revised Code, "has the force and effect of a mortgage to the use of the mortgagee and the mortgagee's heirs, assigns, and successors, . . . to secure the payment of the money or the performance of any obligation specified in the mortgage." Ohio Rev.Code Ann. § 5302.12. The form requires the name, marital status and current mailing address of the mortgagor, the amount of the debt secured by the mortgage, the name and current mailing address of the mortgagee, and a "[d]escription of land or interest in land and encumbrances, reservations, and exceptions, if any." *Id.* There is no statutory instruction that the "description of land" follow a particular format.

A review of the Mortgage reflects that it is signed by Charles Bunn and Michelle

Bunn and that their signatures are notarized. The Mortgage lists the name and mailing address of the mortgagee. The Mortgage contains the amount of the debt secured and contains, by way of the street address and parcel identification number, a description of the Property. *See* Complaint, Exhibit C. There is no question that the Mortgage was recorded in the county in which the Property is located, or that the Debtor, her husband and AMC intended that the Property be subject to the Mortgage. Because it was executed in accordance with the statute and contained all required information, the Mortgage is valid as between the mortgagors and mortgagee. The validity of the Mortgage as between the parties, however, does not answer the question of whether the Mortgage provided adequate notice to third parties or may be avoided by the Trustee using the strong-arm powers granted by § 544 of the Bankruptcy Code.

The Trustee's argument rests on the supposition that lack of a legal description is fatal to the instrument, and that this deficiency renders the Mortgage unrecordable and invalid. The purpose of the recording statutes is "to furnish notice to the world of the existence and contents of the mortgage." 69 Ohio Jur.3d *Mortgages* § 124 (2007) (footnote omitted). While nothing in the Ohio Revised Code requires a mortgage to contain a legal description of the property, and the Mortgage here contains both the street address of the Property and its parcel ID number, either of which, and certainly both together, arguably serve as "a description of the land or interest in land," the Trustee asserts that without a legal description, the Mortgage does not provide constructive notice to third parties of the lien.

**C. Section 544(a)(3)**

 Section 544(a)(3) of the Bankruptcy Code provides that

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

. . . . .

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). This provision permits a bankruptcy trustee to avoid any transfer of real property that would have been unenforceable against a bona-fide purchaser of the property at the time a bankruptcy petition was filed and gives a trustee the status of a hypothetical, good-faith purchaser for value without knowledge of any prior lien. *See Rogan v. Bank One, Nat'l Assoc. (In re Cook)*, 457 F.3d 561, 566 (6th Cir.2006) ("Pursuant to 11 U.S.C. § 544, a bankruptcy trustee is considered a bona fide purchaser of the debtor's real estate and may therefore avoid certain obligations placed on the property that are voidable under state law."); *Kovacs v. First Union Home Equity Bank (In re Huffman)*, 408 F.3d 290, 293 (6th Cir.2005) (holding that a bankruptcy trustee was entitled to avoid mortgages that were not properly executed) (citing 11 U.S.C. § 544(a)(3)). Whether a trustee has actual notice of the lien is irrelevant; the test is whether a hypothetical, good-faith purchaser for value would have had constructive notice of a lien on the property as of the time of the bankruptcy filing.

*See* 11 U.S.C. § 544(a)(3) (stating that the trustee shall have the rights and powers of a bona-fide purchaser "without regard to any knowledge of the trustee or of any creditor"); *Robertson v. Peters (In re Weisman),* 5 F.3d 417, 420 (9th Cir.1993) ("[s]ection 544(a)(3) creates the legal fiction of a perfect BFP and explicitly renders the trustee's actual notice of prior grantees irrelevant. . . .").

### 1. Bona–Fide Purchaser

■■■■ "As a hypothetical bona fide purchaser, the trustee ... is deemed to have conducted a title search, paid value for the property and perfected its interest as a legal title holder as of the date of the commencement of the case." 5 *Collier on Bankruptcy* ¶ 544.08 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev.2007). The purpose of § 544(a)(3) is to permit trustees to avoid unperfected or secret liens and to preserve and/or recover the affected property for the benefit of the bankruptcy estate. *Id.* at ¶ 544.03. This so-called "strong-arm" power, however, "does not clothe a trustee with this protective mantle if there was no way, under the applicable state law, that anyone could attain the status of a bona fide purchaser." *Condren v. Harrison (In re Borison),* 226 B.R. 779, 787 (Bankr.S.D.N.Y.1998).

■■■■ The Court must look to state law to determine who qualifies as a bona-fide purchaser. *See Owen–Ames–Kimball Co. v. Michigan Lithographing Co. (In re Michigan Lithographing Co.),* 997 F.2d 1158, 1159 (6th Cir.1993); *Kildow v. EMC Mortgage Corp. (In re Kildow),* 232 B.R. 686, 693 (Bankr.S.D.Ohio 1999) (citing *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)). In Ohio, a bona-fide purchaser is "one who takes in good faith, for value, and without actual or constructive notice of any defect." *Little Key,* 292 B.R. at 883 (citing *Shaker Corlett Land Co. v. City of Cleveland,* 139 Ohio St. 536, 41 N.E.2d 243, 246 (1942)); *Hightower v. Reiger,* 1988 WL 112525 at *1 (Ohio App. Oct. 6, 1988) ("A bona fide purchaser is a purchaser who takes property 1) for valuable consideration, 2) in good faith, and 3) absent notice of any adverse claims."). A purchaser is "charged with knowledge of a previous encumbrance upon real property when he has knowledge of facts which would induce a prudent person to make an inquiry by which he would have or could have obtained knowledge of the prior encumbrance." *Thames v. Asia's Janitorial Serv., Inc.,* 81 Ohio App.3d 579, 611 N.E.2d 948, 953 (1992).

### 2. Constructive Notice

In explaining the concept of constructive notice, the *Thames* court set forth the following guidelines:

In order to eliminate some possible confusion, we point out that the doctrine of "constructive knowledge" encompasses two distinct rules relative to bona-fide purchasers of real property. . . . The first rule is the "common law" or "equitable" rule that a purchaser will be charged with knowledge of a previous encumbrance upon real property when he has knowledge of facts which would induce a prudent person to make an inquiry by which he would have or could have obtained knowledge of the prior encumbrance. Such a person is deemed to have actual knowledge as a result of having "constructive" or "implied" knowledge, is not a bona-fide purchaser and takes the property subject to the prior encumbrance. This equitable constructive-notice rule, however, has only been applied in Ohio *in the absence of a recording statute.*

The second rule is that the proper recording of those instruments referenced in [Ohio Revised Code § ]

5301.25(A) serves as "constructive notice" of that interest or encumbrance to all who claim through or under the grantor by whom such deed was executed. Such notice, in this statutory sense, is "constructive" because the subsequent purchaser is deemed to have notice *of the record* whether he reviewed it or not.

*Id.* (citations omitted).

Thus, under *Thames*, because the Mortgage in question was recorded, the Court looks to the second rule to determine whether a hypothetical, good-faith purchaser would have notice *of the record.* Surprisingly, there is no case law in Ohio directly addressing the question of whether constructive notice is provided when there is a total absence of a legal description in a recorded mortgage. AMC cites *Buckeye State Hauling v. Troy*, 1974 WL 184519 (Ohio App. Dec. 31, 1974) and *ABN AMRO Mortgage Group, Inc. v. Jackson*, 159 Ohio App.3d 551, 824 N.E.2d 600 (Ohio App.2005), for the proposition that something less than a full legal description is sufficient to put third parties on notice of a lien, although neither case addresses the sufficiency of a description in a mortgage as it relates to a third party. The court in *Buckeye State Hauling* found that for purposes of the mechanics' lien statute, an affidavit containing a description that included the name of the apartment complex, its street address, city and state was adequate even though the name of the street was incorrect. *Buckeye State Hauling*, 1974 WL 184519 at **2–3. In *Jackson*, the court held that the *lis pendens* requirement was satisfied and thus a subsequent mortgagee was on notice of an earlier mortgage where the original mortgagee's foreclosure complaint contained a reference to a permanent parcel number, street address and other parties' liens on the property, but failed to contain a legal description of the property. *Jackson*, 824 N.E.2d at 606. According to AMC, the

reasoning in these cases, when applied to the facts before the Court, establishes that the description of the Property contained in the Mortgage is sufficient to provide the Trustee or any third party with constructive notice of its lien.

The Trustee relies upon a number of decisions dealing with sufficiency of property descriptions in deeds and writs of execution; none of the cited cases address property descriptions in mortgages. The Trustee, however, also directs the Court to the decisions of Judge Calhoun of this Court in *Jack Conie & Sons Corp. v. Qualstan Corp. (In re Qualstan Corp.)*, 303 B.R. 149 (Bankr.S.D.Ohio 2003) (*"Qualstan II "*) and *Efficient Air, Inc. v. Qualstan Corp. (In re Qualstan Corp.)*, 302 B.R. 575 (Bankr.S.D.Ohio 2003) (*"Qualstan I "*) for the proposition that lack of a legal description invalidates a mortgage. In the *Qualstan* cases, the court held that certain mechanics' liens took priority over mortgages, where the liens reflected work that was commenced after the original mortgages were recorded, but prior to the recording of mortgage modifications containing proper legal descriptions. *See Qualstan II*, 303 B.R. at 159; *Qualstan I*, 302 B.R. at 581. *Qualstan I* held that the mortgages did not cut off the rights of mechanics' lienholders until they were filed with proper legal descriptions, stating: "A mortgage is only a lien when the premises are described therein and recorded." *Qualstan I*, 302 B.R. at 580. The *Qualstan* decisions, according to the Trustee, point to the critical nature of a legal description in a mortgage. Because the Mortgage here contains no legal description, the Trustee maintains that "[t]here is no way to discern, based on a review of the four corners of the mortgage in question, the exact geographic dimensions of what has been mortgaged." Response at 17. Thus, the question the Court must deter-

mine is whether notice of the mere *existence* of a lien is sufficient to cut off the Trustee's lien avoidance powers, or whether the notice must be specific as to the nature and *extent* of the lien in order to provide protection to the lien holder.

The nearest pronouncement by an Ohio court is found in *Wayne Bldg. & Loan Co. v. Yarborough*, 11 Ohio St.2d 195, 228 N.E.2d 841 (1967). There, the Ohio Supreme Court analyzed whether a construction mortgagee was on notice of an equitable vendee's lien where the mortgagor had entered into a contract for the sale of the property. The court found "ample evidence" in the record that the mortgagee had notice of the underlying contract, was on inquiry notice as to the *extent* of the interest of the purchaser, and the court held that the mortgagee took the mortgage subject to the purchaser's equitable interest. *Id.* at 847. Having found that the mortgagee was on inquiry notice as to the extent of any already existing interest, the court then, in seeming contradiction, stated that "[f]or notice of an outstanding equitable interest to exist, it is *not necessary that a person have knowledge or notice of* the identity of its owner, or the *extent* of the interest, but merely that there is such in an interest. 55 American Jurisprudence 1070, Vendor and Purchaser, Section 689." *Id.* at 847–48 (emphasis added).

*Yarborough*, however, dealt with a purchase agreement, which was not recordable. Thus, constructive notice was analyzed under the first rule set forth in Thames—i.e., the mortgagee would be charged with knowledge of a previous encumbrance when he/she had knowledge of facts that would induce a prudent person to make any inquiry by which he/she could have or would have obtained knowledge of the encumbrance. Because of the apparent contradiction set forth above regarding

whether notice of the extent of a lien was necessary or whether notice of its existence was all that is required, and the fact that the purchase agreement was not subject to a recording statute, the Court does not find *Yarborough's* instruction that an intervening third party need only have knowledge of the existence of a mortgage, and not of its extent, to be controlling in this case.

■ Under the circumstances of this case, the Court agrees with the Trustee that something more than the street address and permanent parcel number is necessary to provide constructive notice of the Mortgage to a hypothetical, good-faith purchaser for value. This is so because even if a third party had record notice of the existence of this Mortgage, neither the parcel number nor the street address, nor both together, would lead that third party to discover precisely what property is covered by the Mortgage. Both a street address and a permanent parcel number may refer to a geographic area that contains more or less property than what the mortgagor intended to encumber.

In Ohio, a written instrument properly executed for the conveyance or encumbrance of land, e.g., a mortgage, must be "recorded in the office of the county recorder of the county in which the premises are situated...." Ohio Rev.Code Ann. § 5301.25(A) (LexisNexis 2004 & Supp. 2007). Each county recorder is required to keep a direct and reverse alphabetical index of the grantor and grantee of a mortgage and these "indexes shall show ... the range, township, and section or the survey number and number of acres, or the permanent parcel number ..., or the lot and sublot number and the part thereof, all as the case requires, of each tract, parcel, or lot of land described in [the mortgage]." Ohio Rev.Code Ann. § 317.18 (LexisNexis 2003). Here the Mortgage

was recorded. A search of the grantor/grantee index, or a search of the records by permanent parcel number, however, would simply lead the investigator back to a mortgage that is silent as to specifically what it covers. As noted by one authority:

> It is the object and purpose of the record to furnish notice to the world of the existence and contents of the mortgage, and it will be deemed to do so; consequently, the record of a mortgage will be deemed to constitute constructive notice of the existence and contents of the mortgage, even though the person charged with such notice has no actual notice in such respect. The record will be considered as furnishing constructive notice, however only when its examination will furnish actual notice. Accordingly, the recording of a mortgage will not afford constructive notice as to property either not described or so misdescribed as to be unidentifiable.

69 Ohio Jur.3d *Mortgages* § 124 (2007).

A recent case from this Court addresses an issue similar to the one at hand—whether a trustee had constructive notice of a lien where the mortgage, although recorded, contained a defective legal description. In *Stubbins v. American General Financial Services, Inc. (In re Easter)*, 367 B.R. 608 (Bankr.S.D.Ohio 2007), the debtors granted a mortgage on real property, intending to carve out from that mortgage two small parcels of a larger tract of land. The legal description mistakenly included the two excepted parcels and failed to include the remainder of the land that was intended to secure the obligation. In addition to the erroneous legal description, the mortgage contained a street address and a permanent parcel number.[4] Contrasting the facts before it to the facts before the Court in *Little Key* (which held that a single digit typographical error in an otherwise accurate legal description did not defeat constructive notice of the lien), the *Easter* court found the legal description "woefully incomplete [and] wholly fail[ing] to describe the Property on which the Defendant sought to obtain a mortgage...." *Id.* at 613. Judge Preston ruled that without the correct legal description, the "street address and parcel number in the Mortgage did not put the Trustee on notice of a potential encumbrance such that he lost his status as a bona fide purchaser." *Id.* at 614. The mortgage could not, therefore, be reformed because "the right of reformation cannot be invoked to abrogate the rights of an innocent intervening third party[,]" *id.* at 615, and the Trustee was permitted to avoid the mortgage.

The *Easter* court relied, in part, on the holdings of cases from bankruptcy courts in Alabama, Kansas and Utah. In *First Southern Bank v. Stanphill (In re Stanphill)*, 312 B.R. 691, 694–95 (Bankr.N.D.Ala. 2004), the court held that a mortgage that failed to include a legal description did not provide constructive notice to a subsequent purchaser, and the mortgagee's request for reformation was denied as prejudicial to the trustee. In *Hamilton v. Washington Mutual Bank, FA (In re Colon)*, 2005 Bankr.LEXIS 2376 at * 19 (Bankr.D.Kan. Dec. 2, 2005), the court found that the

---

4. In explaining the insufficiency of a street address and parcel number as a property description, the court reasoned that

> [a] real estate legal description is generally a detailed, exact, specific description. In Ohio, the street address and parcel number are not part of the [p]roperty's legal description; inclusion of that information is not statutorily mandated, but is often included for the convenience of the parties. These identifiers can be changed by the governmental authorities.

367 B.R. at 614.

incorrect lot number in a legal description deprived a bona-fide purchaser of constructive notice of a mortgage. In a later decision expanding on its reasoning, the same court rejected the mortgagee's argument that because there were three parts to the property description—the street address, tax parcel ID number and lot number—a typographical error in the lot number should not be fatal. *See Hamilton v. Washington Mut. Bank, FA (In re Colon),* 376 B.R. 22, 29–30 (Bankr.D.Kan.2007), *aff'd,* 376 B.R. 33 (10th Cir. BAP 2007). The court found that Kansas register of deeds offices do not index or maintain records by street address or tax parcel ID numbers, and that such numbers can and do change over time, while legal descriptions rarely change. Further, the court noted that an indexed legal proceeding is required to change a legal description. *Id.* n. 28. The *Hamilton* court concluded that there was "nothing within the four corners of the instrument that would put an innocent purchaser researching the title to this property on notice that he needed to check further...." *Id.* at *6. *Hamilton* was upheld on appeal. *Hamilton,* 376 B.R. at 36–37.

The *Easter* court also looked to *Chase Manhattan Mortgage Corp. v. Bird (In re Hiseman),* 330 B.R. 251 (Bankr.D.Utah 2005), in which the court avoided a deed of trust containing an erroneous legal description, although the street address and tax serial number contained in the deed of trust were correct. The court ruled that "constructive notice of a recorded document extends only to the legal description in the document[,]" *id.* at 258, while rejecting the mortgagee's argument that the trustee should have researched the tax identification number to see that the property was encumbered. The *Hiseman* court added: "These arguments are unavailing because tax identification numbers are discretionary with each county record-

er and may not be considered part of the legal description." *Id.* at 256.

The logic and holding of the *Easter* decision apply with equal force here. The presence of a street address and permanent parcel number, in the absence of a legal description, is not sufficient to provide the Trustee, as a hypothetical lien creditor, with constructive notice of AMC's encumbrance. Further, as noted above, the Mortgage contains no reference to a deed, map or other instrument containing a legal description. Relying on Ohio law, the court in *Monnie v. Field (In re Bross),* 2006 WL 2381542 (S.D.Ohio Aug.16, 2006), addressed a case in which a bankruptcy trustee sought avoidance of an unsigned mortgage. While holding that an unsigned mortgage does not comply with Ohio Revised Code § 5301.01 and is thus avoidable, the court noted that "[t]he Ohio Supreme Court established long ago that a court must review the nature of an error and look to the balance of the document to determine whether the instrument supplies within itself the means of making the correction." *Id.* at *3 (internal quotation marks omitted). The Mortgage here does not contain within its four corners the means by which the missing legal description of the Property may be supplied.

■ Likewise unavailing is AMC's argument that the Mortgage should be reformed to supply the legal description. AMC asserts that it was the mortgagee's intent to attach the legal description to the Mortgage, and it has provided the uncontested affidavit of Curtis Knapp, president of Polaris Title Agency, to that effect. *See* unnumbered exhibit to Motion. According to AMC, § 2719.01 of the Ohio Revised Code permits reformation of a mortgage:

[w]hen there is an omission, defect, or error in an instrument in writing ... by reason of the inadvertence of ... a party ... so that it is not in strict conformi-

ty with the laws of this state, the courts of the state may give full effect to such instrument ... according to the true, manifest intention of the parties thereto. Ohio Rev.Code Ann. § 2719.01 (LexisNexis 2000).

 In support of its position, AMC relies on *Kildow*, where the court permitted two mortgages to be reformed to comply with the intent of the parties by supplying the missing portion of a legal description in one and a corrected description in the other. As noted by the court in *Easter*, however, the right of reformation cannot be invoked to defeat "the rights of an innocent intervening third party[,]" such as a bankruptcy trustee, who has the status of a hypothetical, good-faith purchaser. *Easter*, 367 B.R. at 615. It is noteworthy that in *Kildow*, the court found that the debtor had no standing to avoid consensual mortgage liens. *Kildow*, 232 B.R. at 693. Thus, there was no intervening third party whose rights would be impaired by the reformation of the mortgages as there is in this case. Further, if a mortgagee were routinely allowed to reform a mortgage to correct the precise deficiencies that negate constructive notice, the very purpose of § 544(a)(3) would be defeated.

### VII. Conclusion

For the foregoing reasons, the Court finds that the Trustee is entitled to judgment as a matter of law. AMC's Motion is therefore **DENIED** and the Trustee's Cross–Motion is **GRANTED**. The Mortgage is avoided pursuant to § 544(a)(3).

A separate judgment entry in accordance with this Memorandum Opinion will be entered.

**IT IS SO ORDERED.**