**In re Robert Eugene EASTER, Jill Ann Easter, Debtors.**

**Brent A. Stubbins, Plaintiff,**

v.

**American General Financial Services, Inc., et al., Defendants.**

**Bankruptcy No. 05–73339.**
**Adversary No. 06–02414.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

April 3, 2007.

Mark Stubbins, for Plaintiff.

Stephen D. Miles, for Defendant.

Jefferson H. Massey, for Debtors.

### MEMORANDUM OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for consideration of the Plaintiff/Trustee's Motion for Summary Judgment (Doc. # 29) and the Defendant's Memorandum in Opposition (Doc. # 30) filed in the above-captioned adversary proceeding. The Plaintiff filed the Complaint against Debtors Robert and Jill Easter and American General Financial Services, Inc., seeking to avoid the mortgage held by Defendant American General Financial Services, Inc. ("Defendant") under 11 U.S.C. § 544, due to a faulty legal description. Defendant has filed a Counterclaim and Cross Claim, requesting reformation of its mortgage. The Court having considered the record and

the arguments of the parties, makes the following findings and conclusions.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the standing General Order of Reference entered in this District. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) and (O). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## I. Standard of Review for Motions for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7056, provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the movant satisfies this burden, the nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The mere allegation of a factual dispute is not sufficient to defeat a motion for summary judgment; to prevail, the nonmoving party must show that there exists some genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All justifiable inferences must be drawn in favor of the nonmoving party. *Id.* at 255, 106 S.Ct. 2505.

The Sixth Circuit Court of Appeals has succinctly described the standard to apply when evaluating a motion for summary judgment as follows:

> [T]he moving party may discharge its burden by "pointing out to the [bankruptcy] court ... that there is an absence of evidence to support the nonmoving party's case." The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we must draw all inferences in favor of the nonmoving party, it must present significant and probative evidence in support of its complaint. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."

*Gibson v. Gibson (In re Gibson)*, 219 B.R. 195, 198 (6th Cir. BAP 1998) (citing *Hall v. Tollett*, 128 F.3d 418, 421–22 (6th Cir. 1997)) (internal citations omitted) (alterations in Gibson). A material fact is one whose resolution will affect the determination of the underlying action. *Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir.1996). An issue is genuine if a rational trier of fact could find in favor of either party on the issue. *Schaffer v. A.O. Smith Harvestore Prods., Inc.*, 74 F.3d 722, 727 (6th Cir.1996) (citation omitted). "The substantive law determines which facts are 'material' for summary judgment purposes." *Hanover Ins. Co. v. American Eng'g Co.*, 33 F.3d 727, 730 (6th Cir.1994) (citations omitted). In determining whether each party has met its burden, the court must keep in mind that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

## II. Findings of Fact

Upon the pleadings, admissions, stipulation of the parties, and affidavits, the Court makes the following findings of fact: In May 1992, the Debtors acquired a 0.553 acre parcel of property located at 738 Cambridge Road, Coshocton, Ohio (the "Property"), by a Survivorship Deed recorded May 8, 1992, in Coshocton County Official Record Volume 28, at Page 688 (the "Deed"). Attached to the Deed is Schedule A, which contains a legal description of the property nearly two pages long. The legal description begins with the following language:

> Situated in the County of Coschocton, in the State of Ohio, and in the City of Coshocton and bounded and described as follows:

> Being part of Out Lot 174, Coshocton Township, Coshocton County, Ohio, U.S.M.L., the City of Coshocton and also being all of the land conveyed to Homer W. Myser by Irene & C.F. Sells in Vol. 238, Pg. 465 and all of parcel 1 and the remainder of parcel 2 conveyed to Homer W. Myser by Charlotte McCullough, et al, in Vol. 159, Pg. 557. . . .

This part of the description continues for another ten paragraphs and concludes with the following statements: "The above described tract contains 0.553 ± acres. The above described tract is subject to any and all public and private easements and rights-of-way of record."

Thereafter, the text of Schedule A excepts two small parcels from the preceding description, setting forth a legal description of some seven paragraphs describing 0.056 ± acres and another seven paragraphs describing 0.19 ± acres. These sections of Schedule A begin with the text, "excepting therefrom the following described parcel of real estate" and "further excepting therefrom the following described parcel of real estate" respectively.

Subsequently, the Debtors entered into some sort of credit relationship with the Defendant, resulting in Debtors granting to Defendant a mortgage. The mortgage was recorded January 29, 2001 in Coshocton County Official Record Volume 206 at Page 674 (the "Mortgage"). At the time of execution, the Defendant intended to obtain and the Debtors intended to grant a mortgage on the Property described in the Deed. However, the legal description contained in the Mortgage does not contain the entirety of the legal description set forth on Schedule A of the Deed—the mortgage does not refer to the main parcel granted to the Debtors and instead, refers only to those two smaller portions specifically excepted from the main parcel.[1] Therefore, the Mortgage from the Debtors to the Defendant does not by its stated legal description, encumber the Property. Defendant or its agent was solely and exclusively responsible for the preparation of and recording of its Mortgage.

The Debtors filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on October 13, 2005. Plaintiff is the duly appointed case Trustee of their bankruptcy estate. Upon discovery of the defect in the Defendant's Mortgage, the Trustee

1. The Mortgage legal description contains the last approximately 14 paragraphs of legal description contained on Schedule A to the Deed. While the last seven paragraphs are introduced in the Mortgage as they are in the Deed, with the phrase "further excepting therefrom ..." quoted above, the first seven paragraphs are not accompanied by that similar phrase set forth above. The text in Schedule A of the Deed pertaining to each of the excepted parcels also includes some additional paragraphs describing the quantity of land involved and identification of the surveyor. Some of this language was included in the Mortgage legal description and some was not.

commenced the instant adversary proceeding, utilizing the "strong arm" powers granted bankruptcy trustees under § 544 of the Bankruptcy Code.

### III. Conclusions of Law

Section 544 of the Bankruptcy Code provides in pertinent part:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

(b) (1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding

an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. § 544.

■■ As succinctly stated by Judge Clark of this District,

(1) Section 544(a) provides that the trustee in bankruptcy has the rights of a bona fide purchaser for value and may avoid any transfer of real property that is voidable by such a purchaser. 11 U.S.C. § 544(a)(3). The extent of the rights of a bona fide purchaser for value is determined by the law of the state in which the property is located. *See Owen–Ames–Kimball Co. v. Mich. Lithographing Co. (In re Mich. Lithographing Co.)*, 997 F.2d 1158, 1159 (6th Cir.1993).

In Ohio, a bona fide purchaser for value is a purchaser who "takes in good faith, for value, and without actual or constructive knowledge of any defect." *Terlecky v. Beneficial Ohio, Inc. d/b/a Beneficial Mortgage Co. of Ohio (In re Little Key)*, 292 B.R. 879, 883 (Bankr. S.D.Ohio 2003) (citing *Shaker Corlett Land Co. v. City of Cleveland*, 139 Ohio St.3d 66[536], 68[538], 41 N.E.[2d] 243 (1942)). " '[A] bona fide purchaser for value is bound by an encumbrance upon land only if he has constructive knowledge of the encumbrance.' " *Id.* (quoting *Tiller v. Hinton*, 19 Ohio St.3d 66, 68, 482 N.E.2d 946, 949 (1985)). But, "a 'purchaser will be charged with knowledge of a previous encumbrance upon real property when he has knowledge of facts which would induce a prudent person to make an inquiry by which he would have or could have obtained knowledge of a prior encumbrance.' " *Id.* (quoting *Thames v. Asia's Janitorial Service, Inc.*, 81 Ohio App.3d 579, 587, 611 N.E.2d 948, 953 (1992)).

*Rierser v. Household Realty Corp. (In re Madden),* 2005 WL 4050174 (Bankr. S.D.Ohio 2005).

■■■ "The purpose of the 'strong arm clause' is to cut off unperfected security interests, secret liens and undisclosed pre-petition claims against a debtor's property as of the commencement of the case," [2] and ensure the goal of equal distribution of a debtor's assets among its creditors. Therefore, § 544(a)(3) empowers a trustee in bankruptcy to avoid interests in real property that are unperfected on the date of filing, under the guise of either a bona fide purchaser of real property or a judgment lien creditor, whether or not such a purchaser or creditor actually exists. Courts have uniformly interpreted § 544(a) to allow the Trustee to "enjoy[ ] the status of a hypothetical bona fide purchaser, without regard to any actual knowledge of the Trustee." *First Southern Bank v. Stanphill (In re Stanphill),* 312 B.R. 691, 694 (Bankr.N.D.Ala.2004) (citations omitted). Therefore, the Trustee must prevail unless there is constructive notice of the Defendant's claim. The question, therefore, is whether the Mortgage gave the world sufficient notice of the interest of the Defendant to alert a purchaser of the outstanding encumbrance, thereby preventing the Trustee from standing in the shoes of a bona fide purchaser or a judgment lien holder. In other words, did the Mortgage provide a purchaser with sufficient "facts which would induce a prudent person to make an inquiry by which he would have, or could have, obtained knowledge of [the] prior encumbrance." *Terlecky v. Beneficial Ohio, Inc. (In re Little Key),* 292 B.R. 879, 883 (Bankr. S.D.Ohio 2003) (quoting *Thames v. Asia's Janitorial Service, Inc.,* 81 Ohio App.3d 579, 587, 611 N.E.2d 948, 953 (1992)) (alteration added).

In *Little Key,* the court was faced with a similar issue as is presented in the instant case; however, the legal description in the subject mortgage was only slightly inaccurate, having a typographical error of a single digit in the prior deed recording information. The legal description went on to describe the property by metes and bounds, in which there was no error. Therefore, that court found that the mortgage provided the trustee with constructive notice. *Little Key* is monumentally distinguishable from the case before the Court. In the instant case, the legal description is woefully incomplete: it wholly fails to describe the Property on which the Defendant sought to obtain a mortgage; it contains only a description of the parcels specifically excepted from the general description of the Property in the Deed, as a result of which the Property is not described at all. Neither party cited any cases and the Court was unable to find any decided under Ohio law that were decided on facts substantially similar to the instant case. However, cases from other jurisdictions have addressed similar facts.

In the case of *Stanphill,* the mortgage did not contain just an error in the legal description but completely failed to include the legal description of the subject property altogether; through mutual error, the mortgage documents omitted approximately 300 acres of property that both parties had intended to include. *Stanphill,* 312 B.R. at 693. The subject property was a separate and distinct parcel than that actually described in the *Stanphill* mortgage. The court, finding that the mortgaged failed to give constructive notice, denied the bank's request for reformation.

Similarly, the court in *Hamilton v. Washington Mutual Bank (In re Colon),* 2005 Bankr.LEXIS 2376 (Bankr.D.Kan.

**2.** *Canney v. Merchants Bank (In re Canney),* 284 F.3d 362, 374 (2d Cir.2002) (quoting 5

*Collier on Bankruptcy* P 544.03 (15th ed. rev. 2001)).

2005), found the mortgage legal description fatally defective because it specified lot 29 rather than lot 79 of a particular subdivision. All other information was correct, *including the street address and the parcel identification number*. The *Colon* court found that nothing in the mortgage to put a purchaser on notice that he needed to undertake further inquiry. Although not decided under Ohio law, both Alabama and Kansas law recognize, as do Ohio courts, that constructive notice chills the bankruptcy trustee's avoidance rights under § 544(a). Thus, they are persuasive in the instant matter. *See also Citifinancial, Inc. v. Speer (In re Speer)*, 328 B.R. 699 (Bankr.W.D.Pa.2005).

However, the Mortgage in the case before the Court does contain the correct street address and the tax parcel identification number for the Property. Does this information put a reasonable, prudent person on notice that he or she should make further inquiry? The *Colon* court decided no, on the basis that a purchaser had no resource to cross-check the address or parcel number of the subject property in the office where mortgages are recorded. The court in *Chase Manhattan Mortgage Corp. v. Bird (In re Hiseman)*, 330 B.R. 251 (Bankr.D.Utah 2005), so held as well. In that case, the trust deed similarly contained the correct street address and tax serial number of the subject property, but an inaccurate legal description. The *Hiseman* court held that the street address and tax number are not part of the legal description, and declined to expand the concept of constructive notice to encompass such information. The court reasoned that to do so would impose an undue burden on purchasers of land by mandating that they engage in an unreasonably expansive search to ensure that they are buying property free of encumbrances or clouds on the title.

■ A real estate legal description is generally a detailed, exact, specific description. In Ohio, the street address and parcel number are not part of the Property's legal description; inclusion of that information is not statutorily mandated, but is often included for the convenience of the parties. These identifiers can be changed by the governmental authorities. Insisting that a purchaser cross-check all pieces of information included on the Mortgage, when it contains a detailed, specific legal description in which there is no ambiguity, places an unreasonable burden on the purchaser. Therefore, the Court finds that street address and parcel number in the Mortgage did not put the Trustee on notice of a potential encumbrance such that he lost his status as a bona fide purchaser.

The Court acknowledges that the Defendant attached to its Memorandum in Opposition an Affidavit of Stephen V. Willard, of Willard and Associates Title Search Services, and a Title Exam Report. Mr. Willard stated in the Affidavit that "a review was completed" of the Coshocton County Courthouse records, and that the Mortgage "was found." He further admitted that the legal description in the Mortgage does not contain a description of the Property. Notably, Mr. Willard did not state in the Affidavit that he or his company personnel conducted or supervised the search, nor is there anything in the Affidavit from which the Court could so infer. Since the language of the Affidavit does not appear to be based on Mr. Willard's personal knowledge, and the Affidavit contains insufficient foundation, it is of no benefit to the Defendant. Even if the Court could overlook that defect, the Affidavit does not suggest that the condition of the title to the Property was the specific target of the search. That the Mortgage was found during a search of the public records should be no surprise to anyone: there is no dispute that the Mortgage is a

mortgage or that it is recorded in the public records of Coshocton County. It naturally should, therefore, be found upon a search of the public records. However, without more foundation, the Affidavit fails to evoke a material issue of fact which precludes summary judgment.

Although a Title Exam Report is attached to the Affidavit, Mr. Willard did not discuss or even mention it. Inspection of the Title Exam Report reveals that it was issued by Commerce Title; there is no connection to Mr. Willard or Willard and Associates indicated, nor is it signed by Mr. Willard. Moreover, there is nothing in the report that describes for what purpose or under what methodology it was produced. The Title Exam Report not being authenticated and no foundation having been laid for it, it is similarly of no benefit to the Defendant. Again, the issue is not whether the Mortgage is of public record, but rather the effect of the legal description and whether it withstands the attack of the Trustee. This Court thinks it does not.

█ Undoubtedly, Ohio law allows a defective mortgage to be reformed. Ohio Rev.Code § 2719.01 provides, in pertinent part, that: "[w]hen there is an omission, defect, or error in an instrument in writing ... by reason of the inadvertence of ... a party, person, or body corporate, so that it is not in strict conformity with the laws of this state, the courts of the state may give full effect to such instrument ... according to the true, manifest intention of the parties thereto." Ohio Rev.Code § 2719.01. Under Ohio law, then, where a mortgage of real property has been properly executed and recorded, a mistake in the legal description of the subject real property can be reformed to conform to the intent of the parties. *Strang v. Beach,* 11 Ohio St. 283, 287 (1860); *Kildow v. EMC Mortgage Corp. (In Re Kildow),* 232 B.R. 686 (Bankr.S.D.Ohio 1999). Howev-

er, the right of reformation cannot be invoked to abrogate the rights of an innocent intervening third party. *See Sullivan v. Doehler Die Casting Co.,* 15 Ohio Supp. 122, 1945 WL 5513, *2 (Ohio Com.Pl.1945) ("[W]hile a court of equity will reform an instrument and make it conform to the intention of the parties, reformation will not be made if it appears that it will prejudice the rights of bona fide and innocent purchasers, or subsequent encumbrancers for a present consideration. If the mistake cannot be rectified without impairing vested rights of innocent third parties having no notice thereof, the aid of equity will be withdrawn."). Without constructive knowledge, the Trustee is such an innocent intervening third party, and cannot be subjected to reformation of the Mortgage.

## IV. Conclusion

In light of the foregoing, the Court finds that the there are no genuine issues of material fact and the Plaintiff/Trustee is entitled to judgment as a matter of law. Accordingly it is:

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Summary Judgment Against Defendant on Plaintiff's Claims and Motion for Summary Judgment Against Defendant on Defendant's Counterclaim hereby is GRANTED. Plaintiff shall submit a proposed final judgment consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**