In re Timothy D. **JARED**, Diana L. Jared, Debtors.

Eileen K. **Field, Trustee, Plaintiff**

v.

**Wells Fargo Home Mortgage, et al., Defendants.**

Bankruptcy No. 10–12322.
Adversary No. 10–1220.

United States Bankruptcy Court, S.D. Ohio, Western Division.

Nov. 2, 2011.

---

Eileen K. Field, Cincinnati, OH, pro se.

Amelia A. Bower, Columbus, OH, Nathan L. Swehla, Cincinnati, OH, for Defendants.

Bank of America, NA, Charlotte, NC, pro se.

Timothy D. Jared, Fairfield, OH, pro se.

Diana L. Jared, Fairfield, OH, pro se.

**MEMORANDUM OF DECISION ON ORDER DENYING: (1) MOTION FOR SUMMARY JUDGMENT; AND (2) MOTION FOR DEFAULT JUDGMENT**

JEFFERY P. HOPKINS, Bankruptcy Judge.

This is an avoidance action filed by the chapter 7 trustee, Eileen K. Field ("Trus-tee"). The Trustee seeks the avoidance of two mortgages pursuant to 11 U.S.C. § 544(a)(3). Presently before the Court are two motions filed by the Trustee: (1) a summary judgment motion ("Summary Judgment Motion") (Doc. 18); and (2) a motion for default judgment ("Default Judgment Motion") (Doc. 12). Wells Fargo Home Mortgage, Inc. ("Wells Fargo") opposes the Summary Judgment Motion. See Doc. 19.

### ISSUE

The issue presented is whether a mortgage on registered land, noted on the certificate of title, can be avoided under § 544(a)(3) where the mortgage's description of the property: (1) incorrectly identifies the lot number of the property; and (2) correctly identifies the address and parcel number of the property.

### FACTS

Timothy and Diana Jared ("Debtors") filed a chapter 7 petition, scheduling a fee simple interest in real property located at 2875 Windon Drive, Cincinnati, Ohio ("Property"). The Property is registered land. The Property's certificate of title notes mortgages in favor of Wells Fargo and Mortgage Electronic Registration Systems, Inc. ("MERS").

Both mortgages ("Mortgages") describe the Property by platted subdivision and lot number. The Mortgages incorrectly identify the lot number as lot number 182. The correct lot number is 183.

The Mortgages also describe the Property by its correct address and parcel number.

### ANALYSIS

The Trustee raises two arguments. First, the Trustee, standing in the shoes of a bona fide purchaser, did not possess constructive notice of the Mortgages. Al-

ternatively, the Mortgages were defectively executed due to the incorrect lot number.

## I. Constructive Notice and Registered Land

The Trustee argues that she can avoid the Mortgages as a bona fide purchaser without constructive notice.

■ Constructive notice precludes a purchaser of unregistered land from obtaining the status of a bona fide purchaser under Ohio law. *Tiller v. Hinton*, 19 Ohio St.3d 66, 68, 482 N.E.2d 946 (1985). Therefore, to exercise the rights of a bona fide purchaser, a bankruptcy trustee will argue that he or she did not possess constructive notice of an encumbrance.

The Trustee cites *In re Easter*, 367 B.R. 608 (Bankr.S.D.Ohio 2007) for the proposition that she did not possess constructive notice of the Mortgages. *Easter* held that a chapter 7 trustee does not possess constructive notice of a mortgage containing an incorrect legal description but correct references to the address and parcel number.

There is one very significant distinction between *Easter* and the facts of this case. The property in *Easter* was not registered land.

■ Constructive notice is irrelevant to the issue of whether a purchaser of registered land is a bona fide purchaser under Ohio law. *See Shaker Corlett Land Co. v. City of Cleveland*, 139 Ohio St. 536, 41 N.E.2d 243, syllabus at ¶ (1942) ("[A] bona fide purchase of registered lands involves a valuable consideration and good faith *but absence of notice is not an essential element.*") (emphasis added). Consequently, *Easter* is inapplicable to this case.

■ The irrelevance of notice to priority disputes concerning registered land is dic-

tated by statute. If a lien is not noted on the certificate of title, the general rule is that a purchaser is not bound by the lien. *See* Ohio Rev.Code § 5309.28(A). If a lien is noted on the title, then a purchaser holds the title subject to the lien. *Id.* (A good faith purchaser of registered land holds the land "free from all estates, encumbrances, and rights *except* those noted on the certificate.") (emphasis added).

■ There is no dispute that the Mortgages are noted on the title to the Property. Consequently, the Trustee does not hold title free and clear of the Mortgages.

This does not necessarily mean that the Trustee loses. The real issue is whether the Mortgages encumber the Property in light of the descriptions therein.

## II. Validity and Extent of Liens Determined by Mortgages

■ Even if a lien is noted on the certificate of title, the underlying security agreement governs the validity and extent of the lien. *See Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798 (6th Cir. BAP 2007). For example, the certificate of title in Morgeson noted a mortgage "against" the "present owner." The debtors owned the property jointly. Nonetheless, the Bankruptcy Appellate Panel concluded that the mortgage did not encumber the wife's interest because the mortgage expressly identified her as "spouse, signing only to release her dower interest."

■ The validity and extent of a mortgage upon registered land is determined by reference to Ohio contract law. *Morgeson*, 371 B.R. at 804. When interpreting a contract under Ohio law, courts must effectuate the intent of the parties. *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 219, 797 N.E.2d 1256 (2003). If the language used by the parties is ambig-

uous, then intent may be determined by reference to extrinsic evidence. *Id.* A contract is unambiguous if it has a definite legal meaning. *Id.*

■ The descriptions of the property encumbered by the Mortgages are ambiguous. The descriptions reference a mailing address and parcel number suggesting that the Mortgages encumber the Property. The descriptions also reference a legal description suggesting that the Mortgages encumber a lot other than the Property. As such, the property descriptions do not have a definite legal meaning and the parties' intent may be determined by reference to extrinsic evidence.

■ The extrinsic evidence that is most indicative of the parties' intent is the fact that the county recorder noted the Mortgages on the Property's certificate of title. This is not done casually.

Upon presentment of a mortgage, a county recorder is not to note the mortgage on a title unless it appears that the mortgagor and the mortgagee have the right to create a lien on the property. Ohio Rev.Code § 5309.48. If the mortgagor is not present, the recorder must mail a notice of the filing to the mortgagor. Ohio Rev.Code § 5309.82. If there is any doubt whether the mortgage should be noted, the recorder may refer the matter to a title examiner or the common pleas court. Ohio Rev.Code § 5309.43. The recorder has good reason to do so. An error by the recorder may result in an action against the recorder, the recorder's deputies and the treasurer of state. Ohio Rev. Code § 5310.07 & 5310.08.

Under these circumstances, the Court is satisfied that the parties to the Mortgages intended the Mortgages to encumber the Property. This conclusion is corroborated by the Debtors' bankruptcy schedules, which list the Property as their only real property interest. See Case Doc. 1.

## III. Mortgages Not Defectively Executed

Alternative to her constructive notice argument, the Trustee contends that the Mortgages were defectively executed because of the incorrect lot number. In support, the Trustee analogizes this case to *In re Zaptocky,* 250 F.3d 1020 (6th Cir.2001). In *Zaptocky,* the Sixth Circuit concluded that a chapter 7 trustee was not charged with constructive notice of a mortgage that failed to comply with the Ohio statutory requirement of two witnesses.

*Zaptocky* applies only to unregistered land cases. First, the land in *Zaptocky* was not registered land. Second, as set forth above, constructive notice is not relevant to registered land priority disputes. Third, the *Zaptocky* decision is predicated upon Ohio Rev.Code § 5301.25(A) (requiring "properly executed" mortgages). Section 5301.25 applies to property under the traditional recordation system, as opposed to the land registration system. *See* Ohio Rev.Code § 5310.41 (if a county abolishes registered land, mortgages "shall be recorded in the traditional recordation system, not in the land registration system"); Ohio Rev.Code § 5310(F) (" 'traditional recordation system' mean[s] the system of recording deeds and other instruments for the conveyance or encumbrance of land contemplated by sections 317.08 and *5301.25* of the Revised Code") (emphasis added); *see also In re Cowan,* 273 B.R. 98, 102 (6th Cir. BAP 2002) ("If land is governed by the traditional system, a properly executed mortgage must be filed with the appropriate county recorder's office in order to create a perfected interest in the property. See Ohio Rev.Code §§ 5301.23 and *5301.25.* If land falls under the registration system, however, liens and encum-

brances must be registered.") (emphasis added).

Even if *Zaptocky* applied to registered land, it is not analogous.

The *Zaptocky* mortgage was defective because it failed to comply with the three execution requirements of former Ohio Rev. Code § 5301.01 (requiring: (1) signature of mortgagor; (2) attestation by two witnesses; and (3) acknowledgment). The Trustee attempts to place a mortgage's property description on the same plane as the execution requirements of § 5301.01.

Ohio statutes do not require a complete legal description of mortgaged property. A mortgage need only follow the substance of a statutory form mortgage that calls for a "description of land." *See* Ohio Rev. Code § 5302.12. If registered land is involved, the mortgage must provide "a pertinent description of the land." *See* Ohio Rev.Code § 5309.47.

According to the Sixth Circuit, Ohio law does not require a legal description in mortgages. *In re Bunn*, 578 F.3d 487, 490 (6th Cir.2009). In *Bunn*, a chapter 7 trustee sought to avoid an Ohio mortgage that omitted a legal description of the property but accurately referenced the property's parcel number and street address. The Sixth Circuit did not find that the absence of a legal description rendered the mortgage defectively executed under Ohio law.

If an accurate non-legal description is all that is required for valid execution under Ohio law, then this Court does not believe that the addition of a legal description with an inaccurate lot number renders the same mortgage defectively executed.

This conclusion is supported by Ohio law allowing for the reformation of mortgages. If a mortgage contains an incorrect legal description, courts may reform the mortgage to correct the description. *See Strang v. Beach*, 11 Ohio St. 283 (1860). If an incorrect legal description rendered the mortgage defectively executed, as suggested by the Trustee, reformation of the mortgage would not be possible. *See id.* (requiring proper execution as a precondition to reformation of description).

CONCLUSION

For the foregoing reasons, the Summary Judgment Motion and the Default Judgment Motion will be **DENIED**. An order to this effect will be entered.

**IT IS SO ORDERED.**