**In re Martin R. SCHLABACH, Denise F. Schlabach, Debtors.**

**Eileen K. Field, Trustee, Plaintiff**

**v.**

**Ocwen Loan Servicing, L.L.C., M & I Marshall & Ilsey Bank, Martin Schlabach, Denise Schlabach, Defendants.**

Bankruptcy No. 10–10361.
Adversary No. 10–1229.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

March 1, 2012.

Eileen K. Field, Cincinnati, OH, for Plaintiff.

Christian E. Niklas, Steven M. Palmer, Cincinnati, OH, Robert J. Olender, Fairview Park, OH, for Defendants.

Martin R. Schlabach, pro se.

Denise F. Schlabach, pro se.

## ORDER DENYING: (1) TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND (2) M & I MARSHALL & ILSLEY BANK'S CROSS–MOTION FOR SUMMARY JUDGMENT

BETH A. BUCHANAN, Bankruptcy Judge.

This case involves first and second mortgages relating to the debtors' residence, each of which recites the correct street address for the two adjoining parcels of land making up the debtors' residence but contains inconsistent references to the legal description and parcel numbers for the two parcels. The chapter 7 trustee seeks to avoid the first mortgage as a matter of law, pursuant to 11 U.S.C. § 544(a)(3),

based on lack of notice of the first mortgage as a result of the irregularities of the property description in the mortgage. Alternatively, the chapter 7 trustee and the second mortgage holder raise issues relating to the extent and/or validity of the first and second mortgage again based on the irregularities of the property description in the mortgages. This Court finds that the contents of the first mortgage and the record as a whole contain sufficient information that a reasonably prudent purchaser would have constructive notice that the first mortgage encumbers the entirety of the debtors' property. Therefore, the chapter 7 trustee's motion for summary judgment to avoid the first mortgage pursuant to 11 U.S.C. § 544(a)(3) is denied. Similarly, this Court denies summary judgment on the issue of the extent and/or validity of the first and second mortgages because the description of the property that is subject to the first and second mortgages is not ambiguous under the facts of this case.

## I. Background

This matter is before this Court on Plaintiff Eileen K. Field, Trustee's (the *"Trustee"*) *Motion for Summary Judgment* [Docket Number 26] (the *"Motion"*), Defendant Ocwen Loan Servicing's (*"Ocwen"*) *Response to Motion for Summary Judgment* [Docket Number 28] (the *"Response"*), Defendant M & I Marshall and Ilsley Bank, L.L.C.'s ("M & I") [Docket Number 27] *Response to Trustee's Motion for Summary Judgment and Cross–Motion for Summary Judgment* (the *"Cross–Motion"*), and the Trustee's *Reply* [Docket Number 29] (the *"Reply"*).

Defendant Debtors Martin R. and Denise F. Schlabach (the *"Debtors"*) own certain residential property located at 2034 Vizedom Road, Hamilton, Ohio (the *"Property"*), which consists of two parcels: (1) a larger 2.04 acre parcel, being parcel number B1020–058–000–011 (*"Parcel 11"*) and (2) a smaller 0.2044 acre parcel, being parcel number B1020–588–000–012 (*"Parcel 12"*). The Debtors purchased Parcel 11 on June 24, 1993 and Parcel 12 on November 17, 1993. According to the Debtors' Schedule B, Parcel 12 is a ten foot wide strip that was acquired to complete construction of the Debtors' residence.

On December 6, 2003, the Debtors granted a mortgage in the amount of $145,000 to Ocwen (the *"First Mortgage"*). The body of the First Mortgage describes the property subject to the First Mortgage with the correct street address, *i.e.*, 2034 Vizedom Road; the attached legal description references Parcel 11 and the metes and bounds for Parcel 12. The attached legal description also repeats the correct street address.

On February 23, 2004, the Debtors granted a mortgage in the amount of $55,000 to M & I (the *"Second Mortgage"*). The body of the Second Mortgage describes the property subject to the Second Mortgage with the correct street address, *i.e.*, 2034 Vizedom Road; the body of the Second Mortgage also references Parcel 12; the attached legal description references Parcel 11 and the metes and bounds for Parcel 11. The attached legal description also repeats the correct street address.

## II. Jurisdiction and Standard of Review

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

## III. *Legal Analysis*

### A. *Summary Judgment Standard*

The standard for summary judgment is set forth in Rule 56(a) of the Federal Rules of Civil Procedure (the *"Civil Rules"*), made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Civil Rule 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(a).[1] "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In reviewing a motion for summary judgment, this Court must view all inferences to be drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 511 (6th Cir.2003).

The standards for evaluating motions for summary judgment do not change where the parties present cross-motions for summary judgment. *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991). "The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts. Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id.* (citations omitted).

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). As such, the summary judgment process should not be regarded "as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* at 321, 106 S.Ct. 2548.

### B. *Section 544(a)(3) of the Bankruptcy Code*[2]

As her first basis for summary judgment, the Trustee contends in her Motion

---

**1.** Effective December 1, 2010, the summary judgment standard now appears in Civil Rule 56(a) rather than, as it formerly did, in Civil Rule 56(c). *See* Fed.R.Civ.P. 56(a) advisory committee's note (2010 Amendments) ("Subdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c) ..."). "Amendments to the Federal Rules of Civil Procedure govern proceedings after the date they are effective in an action then pending unless the Supreme Court specifies otherwise or the court determines that applying them in a particular action would be infeasible or work an injustice." *Martinez v. Hutton (In re Harwell)*, 628 F.3d 1312, 1317 n. 4 (11th Cir.2010). Given that the amend-

ments to Civil Rule 56 did not materially change the summary judgment standard or burdens, this Court cites to the amended rule in this adversary proceeding as doing so "is just and practical and would not work a manifest injustice." *See Farmers Ins. Exch. v. RNK, Inc.*, 632 F.3d 777, 782 n. 4 (1st Cir. 2011).

**2.** References to the *"Bankruptcy Code"* are to Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109–8.

that Ocwen's First Mortgage is avoidable pursuant to Section 544(a)(3) of the Bankruptcy Code because the First Mortgage does not meet the requirements of Ohio Revised Code ("*O.R.C.*") § 5302.12, which sets forth the statutory definition and form of a mortgage under Ohio law. Specifically, the Trustee maintains that the reference to the Property's street address in both the First Mortgage and the exhibit to the First Mortgage is an insufficient description of the Property since there are two parcels associated with that street address. The Trustee further maintains that conflicting information between the legal description (which provides the metes and bounds for Parcel 12) and the parcel number (which references Parcel 11) in the exhibit to the First Mortgage is ambiguous such that a bona fide purchaser would not have sufficient notice of Ocwen's interest in the Property.

■ Section 544(a)(3) of the Bankruptcy Code, commonly referred to as the "strong-arm clause," bestows upon a bankruptcy trustee the status of a hypothetical bona fide purchaser for value without actual knowledge of any prior liens. *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1027 (6th Cir.2001). As such, a bankruptcy trustee "may avoid any transfer of real property that would have been unenforceable against a bona fide purchaser of the property at the time a bankruptcy petition was filed." *Argent Mortg. Co., LLC v. Drown (In re Bunn)*, 2008 WL 4449551 at *2, 2008 U.S. Dist. LEXIS 91744 at *6 (S.D.Ohio Sept. 30, 2008); *aff'd Argent Mortg. Co., LLC v. Drown (In re Bunn)*, 578 F.3d 487 (6th Cir.2009).

■ The purpose of Section 544(a)(3) of the Bankruptcy Code is to allow a bankruptcy trustee to avoid undisclosed interests in real property, such as interests that are not recorded or interests that are im-

properly executed and therefore deemed to be unrecorded. *See, Hunter v. Bank of N.Y. (In re Anderson)*, 266 B.R. 128, 136 (Bankr.N.D.Ohio 2001). The trustee's strong-arm power, however, is not without limitation. Rather, "the extent to which a trustee's rights as a bona fide purchaser of real property will defeat a competing interest in the same property is measured by the substantive law of the state governing the property in question." *Id.* at 132 (citing *Owen–Ames–Kimball Co. v. Michigan Lithographing Co. (In re Michigan Lithographing Co.)*, 997 F.2d 1158, 1159 (6th Cir.1993)). The Property is located in Ohio, therefore, Ohio law governs. "Under Ohio law, a bona fide purchaser is defined as one who takes in good faith, for value, and without actual or constructive notice of any defect." *Terlecky v. Beneficial Ohio, Inc. (In re Key)*, 292 B.R. 879, 883 (Bankr.S.D.Ohio 2003) (citing *Shaker Corlett Land Co. v. City of Cleveland*, 139 Ohio St. 536, 41 N.E.2d 243 (1942)). Because the Bankruptcy Code provides that a bankruptcy trustee is a bona fide purchaser regardless of actual knowledge, constructive knowledge is the only relevant inquiry in the context of an avoidance action under Section 544(a)(3) of the Bankruptcy Code. *In re Zaptocky*, 250 F.3d at 1027 ("[G]iven that the strong arm clause of the federal Bankruptcy Code provides trustees with the rights of a hypothetical bona fide purchaser 'without regard to any knowledge of the trustee,' [the trustee's] actual knowledge does not undermine his right to avoid a prior defectively executed mortgage.").

### 1. *Constructive Knowledge*

The Trustee asserts that the description in the First Mortgage of the property subject to the First Mortgage is ambiguous and, as such, does not provide the Trustee—as a hypothetical bona fide pur-

chaser pursuant to Section 544(a)(3) of the Bankruptcy Code—with constructive knowledge of a potential encumbrance against the Property. In support of her position, the Trustee relies primarily on *Stubbins v. American General Financial Services (In re Easter)*, 367 B.R. 608 (Bankr.S.D.Ohio 2007). While *In re Easter* does support the Trustee's position, the more recent decision by the Court of Appeals for the Sixth Circuit in *Argent Mortgage Company v. Drown (In re Bunn)*, 578 F.3d 487 (6th Cir.2009) is controlling on this Court. In *In re Bunn*, the Sixth Circuit held that a mortgage with a correct street address and parcel number but with no legal description provided constructive notice to a trustee. *In re Bunn*, 578 F.3d at 489–90; *see also Field v. Wells Fargo Home Mortgage (In re Jared)*, 474 B.R. 521 (Bankr.S.D.Ohio 2011) (Hopkins, J.) (following *In re Bunn*); *Drown v. Colony Mortgage Corp. (In re Bridgeforth)*, 2011 Bankr.LEXIS 3353 (Bankr.S.D.Ohio 2011) (Caldwell, C.J.) (same).

In considering the doctrine of "constructive knowledge" under Ohio law, one Ohio Appellate Court theorized that there are two distinct rules of construction as relates to bona fide purchasers of real property. *Thames v. Asia's Janitorial Serv., Inc.*, 81 Ohio App.3d 579, 587, 611 N.E.2d 948, 953 (Ohio Ct.App.1992). The first rule, referred to as the "common law" or "equitable rule," applies in the absence of a recording statute. *Id.* Under this first rule, a purchaser is "charged with knowledge of a previous encumbrance upon real property when he has knowledge of facts which would induce a prudent person to make an inquiry by which he would have or could have obtained knowledge of the prior encumbrance." *Id.*

The second rule of constructive knowledge as relates to bona fide purchasers of real property is applicable in situations where there is a recording statute, such as O.R.C. § 5301.25(A). The second rule provides that the record serves as constructive knowledge of an interest or encumbrance to all who claim through or under the grantor who conveyed the interest or encumbrance. *Id.* Under the second rule, a purchaser of real property is charged with constructive knowledge of the *contents* of an instrument recorded in compliance with O.R.C. § 5301.25 that such purchaser would discover in the process of tracing the chain of title of the grantor from whom the purchaser seeks to acquire title to the real property. *Id.* Where an instrument that is required to be recorded in accordance with O.R.C. § 5301.25 is improperly recorded, the *Thames* court found that an actual knowledge standard applies. *Id.*

The Bankruptcy Court in *In re Bunn* noted the distinction between the two rules of construction under Ohio law as relates to constructive knowledge of purchasers of real property and found that the second rule applied to the mortgage at issue because the mortgage was a recorded instrument. *Drown v. Argent Mortg. Co., LLC (In re Bunn)*, 376 B.R. 835, 842–43 (Bankr.S.D.Ohio 2007). In evaluating whether a bona fide purchaser would be deemed to have constructive knowledge of the recorded mortgage, the Bankruptcy Court found that the question before it was "whether notice of the mere *existence* of a lien is sufficient to cut off the Trustee's lien avoidance powers, or whether the notice must be specific as to the nature and *extent* of the lien in order to provide protection to the lien holder." *Id.* at 843–44 (emphasis in the original). In answering this question, the Bankruptcy Court held that the latter question was the appropriate inquiry and noted that the mortgage at issue did not contain *within its four corners* the means by which to determine the

extent of the lien. *Id.* at 846 (emphasis added).

The District Court in *In re Bunn* agreed that the second rule of construction for constructive knowledge applied and impliedly agreed that the extent of the lien is the relevant inquiry in determining whether a purchaser is deemed to have constructive knowledge of a recorded mortgage. *Argent Mortg Co, LLC v. Drown (In re Bunn)*, 2008 WL 4449551 at *4, 2008 U.S. Dist. LEXIS 91744 at *10 (S.D.Ohio Sept. 30, 2008) ("A person of ordinary prudence would take notice of the existence of an encumbrance on the property at 8707 Shear Drive, Powell, Ohio and would inquire further *as to the extent of the encumbrance.*") (emphasis added). The District Court, however, additionally found that a bona fide purchaser "has a duty to make a reasonable inquiry when an irregularity or a suspicious circumstance is apparent on the recorded instrument." *Id.* at *3–4, 2008 U.S. Dist. LEXIS 91744 at *9. The District Court noted that "[t]he duty to inquire ... operates as notice of all facts that a reasonably diligent inquiry would disclose" and found that a "person of ordinary prudence" would have concluded that the mortgage at issue likely encumbered the entire lot. *Id.* at *4, 2008 U.S. Dist. LEXIS 91744 at *10–11 (internal citations omitted).

While the Sixth Circuit Court of Appeals agreed with the District Court's conclusion that a bona fide purchaser would be on constructive notice of the mortgage at issue, *In re Bunn*, 578 F.3d at 489, the Sixth Circuit did not directly address whether a bona fide purchaser has a duty to make a reasonable inquiry where the mortgage in question contains irregularities or is otherwise ambiguous in its description of the property subject to the mortgage. Rather, the Sixth Circuit focused on what a reasonably prudent real estate purchaser would

conclude upon discovery and review of such a mortgage. *Id.* at 489–90.

As explained below, under this reading of *In re Bunn*, this Court finds that a reasonably prudent real estate purchaser would have constructive notice that the First Mortgage encumbers the entirety of the Property.

## 2. Constructive Notice Of The Recorded First Mortgage

▆ Each county recorder in Ohio maintains an index by grantor and grantee of all instruments received by the county recorder for recording as relates to real property within such county, which index includes a description of the land described in the recorded instrument. *See* O.R.C. § 317.18. Pursuant to Section 544(a)(3) of the Bankruptcy Code, the Trustee is a hypothetical purchaser of the Property *from the Debtors.* 11 U.S.C. § 544(a)(3). As such, the Trustee is presumed to have conducted a title search of the county real estate record under the names of the Debtors and to have found any properly executed and recorded instruments. *See Drown v. Wells Fargo Bank, N.A. (In re Scott)*, 424 B.R. 315, 339–40 (Bankr. S.D.Ohio 2010) (citing to *Wayne Building & Loan Co. v. Yarborough*, 11 Ohio St.2d 195, 228 N.E.2d 841 (Ohio 1967)). The Trustee does not allege that the deeds to the Property or the First Mortgage were not properly recorded. Nor does the Trustee allege that the deeds to the Property or the First Mortgage were improperly executed such as to be deemed unrecorded. Therefore, in conducting a title search of the real estate records by the Debtors' names, both deeds to the Property and the First Mortgage would be in the Debtors' chain of title and the law credits the Trustee with knowledge of these documents. *In re Bunn*, 578 F.3d at 489.

The Trustee argues, nonetheless, that if a potential purchaser searched by the legal description for Parcel 12 of the Property alone, such purchaser would not find the First Mortgage because the legal description for Parcel 12 is not contained within the First Mortgage. The Trustee maintains that it is an undue burden on a potential purchaser to be required to research multiple descriptors in a mortgage to ensure that all encumbrances have been discovered. This Court disagrees. A reasonably prudent purchaser would cross reference the essential information available to the purchaser when acquiring real property, including the grantor's name and basic information relating to the property's description, such as the property address, parcel number and/or legal description. *See Terlecky v. Beneficial Ohio, Inc. (In re Little Key)*, 292 B.R. 879, 883 (Bankr.S.D.Ohio 2003) ("The mortgages contained a real estate address, the parcel identification number and the owner-mortgagor's name. Title searches are normally conducted by cross-referencing all of the items of information."). Even if a purchaser did not cross reference each piece of relevant information available to the purchaser, at a minimum, a potential purchaser is deemed to have searched the record by the name of the purchaser's grantor, *In re Scott*, 424 B.R. at 339–40, which in this case would reveal the existence of the First Mortgage in the Debtors' chain of title. Thus this Court finds that the Trustee would be deemed to have constructive knowledge of the recorded First Mortgage in the Debtors' chain of title.

### 3. Constructive Notice Of An Encumbrance On The Entirety Of The Property

The Trustee further argues that the ambiguity in the First Mortgage resulting from the conflicting legal descriptions and parcel numbers in the description of the Property subject to the mortgage does not provide constructive notice to a hypothetical bona fide purchaser, such as the Trustee, of an encumbrance against the entirety of the Property. Again, this Court disagrees.

Ohio law does not require a precise legal description of the mortgaged property to create an enforceable mortgage. *See In re Bunn*, 578 F.3d at 490. Rather, a mortgage is sufficient if it contains a "[d]escription of land or interest in land and encumbrances, reservations and exceptions, if any" that are subject to the mortgage. O.R.C. § 5302.12. In this case, the body of the First Mortgage and the description of the property set forth in the exhibit attached to the First Mortgage both describe the Property by reference to the correct street address.

The Trustee acknowledges that both parcels of the Property have the same street address. Nevertheless, the Trustee argues that reliance on the street address is not sufficient to put the Trustee on constructive notice of an encumbrance against the entirety of the Property since the street address could refer to either parcel of real estate owned by the Debtors. For this reason, the Trustee attempts to distinguish *In re Bunn* from the facts of this case on the grounds that the debtor in *In re Bunn* owned only one parcel of real estate within the county at issue. *See In re Bunn*, 578 F.3d at 490 (finding that a purchaser would have constructive notice of a mortgage where the "mortgage [ ] describes the lot by address but not by plat number when both address and plat number are on the granting deed *and the seller owns no other real estate in the county*." (emphasis added)).

This Court finds that a reasonably prudent purchaser looking at the two

deeds and the First Mortgage would have constructive notice that the entirety of the Property was encumbered by the First Mortgage. *See In re Bridgeforth,* 2011 Bankr. LEXIS 3353 at \*5–6 ("Although Plaintiff claims this case requires choosing whether the legal description or street address controls when there is conflicting information; the actual issue is whether the total contents of the first mortgage provide constructive notice to a hypothetical creditor based upon a reasonable search of related real estate records." (citing *In re Little Key,* 292 B.R. 879)). When examining the deeds in the Debtors' chain of title, a potential purchaser would find that both parcels of the Property were acquired in the same year and from the same grantor. A potential purchaser likely would conclude that the smaller parcel bore some relationship to the adjoining larger parcel, particularly since the Property is residential property. *In re Bunn,* 578 F.3d at 489–90 ("Mortgaging part rather than all of a single-dwelling residential subdivision property is far enough outside the ordinary course of business that a reasonable prospective purchaser should assume that an ambiguous mortgage likely intended to encompass the entire residential lot at issue."). Moreover, a reasonably prudent purchaser likely would not conclude that a financial institution would lend $145,000 secured by just a .2044 acre parcel of residential land where the mortgage also references the parcel number for the larger 2.0436 acre parcel. *Cf. Mason v. Swerwinski (In re Swerwinski),* 2010 WL 3074389 at \*5–6, 2010 Bankr.LEXIS 2601 at \*13–14 (Bankr.N.D.Ohio Aug. 5, 2010) (finding that a mortgage need not specify

that the debtor held only a leasehold interest in the property because Ohio Revised Code § 5301.02 supplies the default rule that a "mortgage ... shall mortgage the entire interest which the grantor could lawfully ... mortgage ... unless it clearly appears ... that the grantor intended to ... mortgage a less estate."). "Even if the most the purchaser knew was that [the First Mortgage] covered at least some of [the Property], the purchaser should not be able to cut off the [First Mortgage] after buying all of the [P]roperty." *In re Bunn,* 578 F.3d at 490. Accordingly, this Court finds that the contents of the First Mortgage and the record as a whole contain sufficient information that a reasonably prudent purchaser would have constructive notice that the First Mortgage encumbers the entirety of the Property, thereby defeating the Trustee's status as a bona fide purchaser under Ohio law.[3]

For all of the reasons above, the Trustee's motion for summary judgment to avoid Ocwen's First Mortgage pursuant to Section 544(a)(3) of the Bankruptcy Code is denied.

### C. *Validity of First Mortgage*

 As an alternative basis for summary judgment, the Trustee challenges the validity of the First Mortgage. In particular, the Trustee asserts that Ocwen's First Mortgage is defective under Ohio law because it contains conflicting information regarding the property encumbered by the First Mortgage. Accordingly, the Trustee argues that the Trustee may avoid the First Mortgage, pursuant to Section 551 of the Bankruptcy Code, and step into

---

**3.** The Trustee raises no challenge to M & I's Second Mortgage. Ocwen, however, contends in its Response that M & I's Second Mortgage does not provide constructive notice to the Trustee because the Second Mortgage references Parcel 12 in one part and gage references Parcel 12 in one part and Parcel 11 in another part. As with the First Mortgage, this Court similarly finds that a reasonably prudent purchaser looking at the two deeds and the Second Mortgage would have constructive notice that the Property was encumbered by the Second Mortgage.

Ocwen's first position ahead of M & I's Second Mortgage.

In an attempt to best itself over Ocwen, M & I raises a similar argument in M & I's Cross Motion relating not to the validity of the First Mortgage but rather to the extent of the First Mortgage. Specifically, M & I contends that neither its Second Mortgage nor Ocwen's First Mortgage has any deficiencies. Instead, M & I asserts that Ocwen's First Mortgage encumbers only the smaller Parcel 12 and M & I's Second Mortgage encumbers only the larger Parcel 11 based on the legal descriptions attached to the respective mortgages, which M & I maintains are controlling.

Both arguments in this regard focus on what degree of specificity is required in the description of property subject to a mortgage to create an effective lien against such property. M & I relies on *In re Easter* in support of its underlying proposition that "the legal description is the most important means of identification, not the street address or the parcel number." Cross Motion at p. 3. As previously discussed, Ohio law instructs otherwise. "Unlike the formal attestation requirements …, substantive Ohio mortgage law does not appear to require a precise legal description of the mortgaged property." *In re Bunn,* 578 F.3d at 490; *see also,* 69 Oh. Jur. *Mortgages and Deeds of Trust* § 87 (2011). Under Ohio law, a mortgage need only contain a description of land or interest in land that is subject to the mortgage. O.R.C. § 5302.12. "[A] review of the precedent and treatises reveals that absolute certainty is not required, and that there is significant flexibility on how much information a property description must contain in a wide variety of documents." *Hardesty v. Equity One Credit Corp. (In re Farrell),* 269 B.R. 181, 186 (Bankr. S.D.Ohio 2001) (and cases cited therein).

With this flexible standard in mind, this Court examines the property description contained in Ocwen's First Mortgage. A mortgage is a written contract between the mortgagor and mortgagee that must be interpreted according to Ohio contract law. *See Menninger v. Accredited Home Lenders (In re Morgeson),* 371 B.R. 798, 804 (6th Cir. BAP 2007). When interpreting a written contract under Ohio law, the court's principal goal is to determine and give effect to the parties' intention, which is presumed to be manifest by the language the parties chose to use in the contract itself. *See Rosepark Props., Ltd. v. Buess,* 167 Ohio App.3d 366, 375, 2006 Ohio 3109, 855 N.E.2d 140 (Ohio Ct.App.2006) (citations omitted); *Kelly v. Med. Life, Inc. Co.,* 31 Ohio St.3d 130, 31 O.B.R. 289, 509 N.E.2d 411, syllabus P 1 (1987); *In re Jared,* 474 B.R. at 524–25 (citing *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 219, 2003–Ohio–5849, 797 N.E.2d 1256 (2003)). "Contract language is ambiguous if it is unclear, indefinite, and reasonably subject to dual interpretations." *Scarberry v. Lawless,* 2010 Ohio 3395, 2010 WL 2838531 at *6, 2010 Ohio App. LEXIS 2879 at *17 (Ohio Ct.App., Lawrence County 2010) (internal citations omitted). Looking to the language in the mortgage contract between the Debtors and Ocwen, this Court finds that the description of the property that is subject to the First Mortgage is not ambiguous.

The body of the First Mortgage and the attached legal description describe the Property with the correct street address. The attached legal description references Parcel 11 and the metes and bounds description for Parcel 12 and both parcels comprise the Property at 2034 Vizedom Road. Further, it is not plausible to this Court that the parties would have intended for the First Mortgage to not encumber the totality of the Property, especially

since Parcel 12 was purchased to allow for the construction of the residence thereon.

Similarly, the body of the Second Mortgage and the attached legal description describe the Property with the correct street address. The body of the Second Mortgage references Parcel 12 and the attached legal description describes Parcel 11 and the metes and bounds description for Parcel 11. Again, it is not plausible to this Court that the parties would have intended for the Second Mortgage—in the not insubstantial amount of $55,000—to encumber only a portion of the Property.

Accordingly, summary judgment on the issue of the extent and validity of the First Mortgage is denied because the description of the Property that is subject to the First and Second Mortgages is not ambiguous under the facts of this case.

## IV. *Conclusion*

For the foregoing reasons, this Court finds that the Trustee had constructive notice of Ocwen's First Mortgage as an encumbrance against the entirety of the Property. Therefore, the Trustee's Motion for summary judgment to avoid Ocwen's First Mortgage pursuant to Section 544(a)(3) of the Bankruptcy Code is DENIED. The Trustee's Motion and M & I's Cross–Motion for summary judgment are likewise DENIED on the issue of the extent and validity of the First and Second Mortgages because the description of the Property that is subject to the First and Second Mortgages is not ambiguous under the facts of this case.

IT IS SO ORDERED.